SEMPLE v. LEE *et al.*

1. SERVICE OF NOTICE: WHO MAY COMPLAIN WHEN DEFECTIVE. A junior incumbrancer who is a co-defendant with the mortgagor in a foreclosure proceeding, cannot on appeal complain of a judgment against such mortgagor, on the ground that it was rendered without sufficient service of notice.

2. PARTIES IN FORECLOSURE. The purchasers of mortgaged property are proper parties to a proceeding to foreclose the mortgage, and the mortgagor who has disposed of his equity of redemption is not a necessary party.

3. PRESUMPTIONS IN FAVOR OF THE DECREE BELOW. When the record in a chancery cause does not disclose the evidence upon which the decree below was rendered, the appellate court will presume that it was sufficient to sustain the decree.

*Appeal from Henry District Court.*

SATURDAY, JUNE 7.

THE facts are sufficiently stated in the opinion of the court.

*Woolson & McFarland* for the appellants.

*Francis Semple* for the appellee.

BALDWIN, C. J. — Alexander Lee gave to one Rudd his promissory note, and secured the same by a mortgage upon certain real estate, duly executed by himself and wife. The land thus mortgaged was afterwards sold by Lee and wife to Gaylord, Ferguson & Co. Subsequently the appellants, Barclay, Ogg & Swan, became the owners of said premises. The note secured by the mortgage was assigned to plaintiff, who brings his bill of foreclosure against the mortgagors, and subsequent purchasers of said premises. It is averred that each of said firms purchased said premises with a full knowledge of the mortgage lien, and that they assumed to pay said incumbrance when due. The defendants were personally served with notice, except Lee

and wife, who were non-residents, and were served by publication of notice. A judgment and decree of foreclosure being rendered against all of the defendants, Barclay, Ogg & Swan, appeal.

It is first claimed that the judgment against Lee and wife was erroneous, as the service was not complete, the complainant having failed to show that he mailed to them a copy of the notice and petition. It is a sufficient answer to this, that Lee and wife do not complain. As between the complainant and mortgagors the judgment is good, until reversed or set aside. If Lee and wife do not complain, no other person or party can do so for them without their assent.

It is next claimed that the court erred in rendering a personal judgment against the appellants, as there was no evidence introduced to show that they had ever assumed to pay the mortgage lien, and that there was no promise in writing, by them, to pay the notes therein secured. Upon the authority of *Murray* v. *Catlett*, 4 G. Green, 108, and the cases there cited, and followed by this court, in the case of *Johnson* v. *Monell, ante*, the appellants, as purchasers of the mortgaged premises, were proper parties to the foreclosure, and the mortgagors were not necessary parties when they had previously disposed of their equity of redemption.

In the case of *Johnson* v. *Monell, ante*, it was held that the court could not render a personal judgment against the vendee of the mortgaged premises, as there was no averment that he had assumed to pay the mortgage debt. The complainant in this cause avers that each of said purchasers assumed and agreed to pay, at maturity, the full amount of the incumbrance on said land. The appellants were defaulted, and what proof was introduced to sustain the bill, the record does not show. It is presumed that there was enough to support the averment, that the appellants

had agreed to pay off the mortgage, or the court would not have rendered the judgment it did.

There are several other questions raised by the appellants' assignment of error, but as they are based upon the evidence which is not before us, we cannot consider them.

Affirmed.