ROBERT FERGUS *et al.*

*v.*

EDWARD I. TINKHAM.

1. NOTICE BY PUBLICATION—*who can object to its insufficiency.* Where one of several defendants in chancery is a non-resident, and there is, as to him, only notice by publication, he alone can object that the publication was insufficient.

2. PROOF UNNECESSARY—*when facts are admitted in the pleadings.* In a suit in chancery to foreclose a mortgage, if the mortgagor admits the execution of the mortgage, it becomes unnecessary to prove that fact.

3. A RECOVERY—*must correspond with the allegations.* In a bill to foreclose a mortgage the complainant claimed interest only from January, 1860, to July, 1861, while by the decree he recovered for seventeen days in December, 1859, amounting to sixty dollars, which he did not claim in his bill. The decree was held to be erroneous. The complainant could not recover beyond the allegations in his bill.

WRIT OF ERROR to the Superior Court of Chicago.

Edward I. Tinkham exhibited his bill in chancery in the court below, against Robert Fergus and others, to foreclose a mortgage given to secure the following note:

"$13,000.                          CHICAGO, December 13th, 1859.

"For value received, I, Robert Fergus, of the City of "Chicago, and State of Illinois, five years after the first day "of January, A. D. 1860, promise to pay to the order of David "Sears, junior, of the City of Boston, and State of Massa- "chusetts, the sum of thirteen thousand dollars, at the State "Bank, in the City of Boston, and State of Massachusetts, "with interest at the rate of ten per cent. per annum. Said "interest to be paid semi-annually, to-wit: on the first days of "January and July each, in every year, also at said State "Bank.

"ROBERT FERGUS."

The mortgage contained a provision in case of default, in these words:

"That in default of payment of any installment of interest, "the whole principal sum should at once become due and pay- "able at election of said Sears, or his assigns."

The bill was filed on the 24th day of May, 1861.

The case for relief, as made by the bill, rests upon the default in the payment of the interest due from the first of January, 1860 to July, 1861, and upon the default in the payment of the principal sum due and payable, by reason of the default in the payment of the interest due as aforesaid; and the election of the complainant to declare said principal sum due in pursuance of the terms of the mortgage.

The bill alleges: "That an installment of interest fell due "at the State Bank, in Boston, Massachusetts, according to "the terms of said note as above set forth, and was unpaid, "except the sum of three hundred dollars, leaving a balance "of said installment of interest amounting to three hundred "and fifty dollars, due on the first day of July last, wholly "unpaid."

Margaret Fergus, John T. White, Richard M. Casler and Mary Brown, were made defendants to the bill, as claiming some interest in the mortgaged premises. All were personally served with process, except White, upon whom there was an attempt to get constructive service by publication, he being a non-resident. The notice was published twenty-four times in the *Daily Post*, the date of the first paper containing the same being the 24th of May, 1861, and the date of the last, the 24th of June, 1861. The return day of the summons was the first Monday in July, 1861.

The answer of Robert and Margaret Fergus, admits the execution of the mortgage. Upon the hearing there was no proof introduced on that subject.

On the 4th day of December, 1861, the court rendered a decree, finding the principal sum named in the note to have become due and payable, by reason of the non-payment of the interest as stipulated, and finding the amount thus due to be $15,267 50, which was directed to be paid within ten days, and in default thereof that the premises be sold.

The defendants thereupon sued out this writ of error.

Messrs. HERVEY, ANTHONY and GALT, for the plaintiffs in error.

Mr. P. L. SHERMAN and Messrs. CLARKSON and TREE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The objections made to the decree in this case are : 1st, that sufficient notice had not been given to the non-resident party of the pendency of the suit ; 2d, that no proof was made of the exhibits, and that the mortgage was not acknowledged ; and 3d, a sum larger than the amount claimed by the bill was decreed to complainant.

27—38TH ILL.

As to the first objection, the facts are, there were full four successive weeks' notice by publication, as the statute requires. The first publication was on the twenty-fourth day of May, 1861, and the last on the twenty-fourth of June, 1861, four full weeks; but the first publication was not sixty days before the return day of the summons, which was the first Monday in July, 1861. The publication was only as to White, and he alone can make the objection, that it was not sufficient to charge him with notice. The other defendants were personally served.

On the second point, the plaintiffs in error, Fergus and wife, in their joint and several answer, admit they executed and acknowledged the mortgage, thereby rendering proof of those facts unnecessary.

As to the remaining point, it will be seen by the complainant's bill that he claimed interest only from January to July, and such is the structure of that branch of his case. He has recovered interest for seventeen days in December, 1859, amounting to sixty dollars, which he did not claim in his bill.

His recovery does not correspond with his allegations, but goes beyond them. On the authority of *Chaffin* v. *Heirs of Kimball,* 23 Ill 36; *Rowan* v. *Bowles, et al.* 21 *ib.* 17; *Morgan* v. *Smith,* 11 *ib.* 200; *White* v. *Morrison, ib.* 366; and *Ohling* v. *Luitjens,* 32 *ib.* 23, the decree must be held erroneous, and must be reversed and the cause remanded.

*Decree reversed.*