REAM v. JACK ET AL.

1. **Contract**: TRANSFER OF LIABILITY. An agreement by the vendee to assume and discharge an existing mortgage, in consideration for which the mortgagee surrendered to the vendor and mortgagor the notes, will be enforced. ·

2. **Practice**: SUBSTITUTION OF PARTIES. It is too late, after an administrator has been substituted for the plaintiff and an answer has been filed, for the defendant to object that the averments of the petition do not correspond with the change of parties.

3. **Mortgage**: FORECLOSURE: EVIDENCE. Where it is found that there was an oral agreement by the vendee to assume a mortgage upon the purchased property, a decree of foreclosure may be rendered in the proper action, upon proof of the agreement and conveyance.

*Appeal from Mahaska District Court*

WEDNESDAY, OCTOBER 18.

FRANCIS M. WATSON brought an action against John Montgomery, B. B. and Sarah C. Jack, the object of which was to obtain the correction of a deed, executed by Watson to B. B. Jack. It was alleged that Watson had executed a mortgage to Montgomery on certain real estate, and that he afterward conveyed the same to B. B. Jack and that the latter had agreed to pay the mortgage; that Montgomery had agreed to release Watson, and that, by mistake, a provision to that effect was omitted in the deed from Watson to B. B. Jack. It was also averred that the latter had conveyed the mortgaged premises to Sarah C. Jack, and that she had full knowledge of all the matters aforesaid.

Montgomery answered the petition and substantially admitted the allegations therein contained and filed a cross-petition, asking a foreclosure of the mortgage, and averred therein that the defendant, B. B. Jack, had agreed to pay the amount due on the mortgage at the time Watson conveyed the premises to him, and that in consequence of such agreement he had surrendered the notes secured by the mortgage, to Watson; that B. B. Jack had conveyed the premises to Sarah C. Jack,

and that the latter, at the time of such conveyance, had full knowledge of the matters aforesaid.

If the defendants answered the original petition the abstract fails to so show. In August, 1874, a decree was rendered, granting the relief asked by Watson. This decree recites that the defendants appeared by attorney, and from this decree there is no appeal.

In February, 1875, the plaintiff was substituted, as such, in the cross-petition, in the place and stead of Montgomery, and the defendants ordered to answer by the first day of the next term, which they did by denying each and every allegation therein contained.

The District Court rendered a personal judgment against B. B. Jack for the amount due on the mortgage, and the defendants appeal.

*Williams & McMillen*, for appellants.

*F. M. Davenport*, for appellee.

SEEVERS, CH. J.—I. It clearly and very satisfactorily appears, that B. B. Jack assumed and agreed to pay the mort-

1. CONTRACT: transfer of liability. gage at the time Watson conveyed the premises to him, and that Montgomery, in consideration of such promise, released Watson from all personal liability, and as between him and Watson agreed to look alone to Jack and the mortgaged property for the payment of the indebtedness. Certainly Jack should do as he agreed, and the agreement thus made is binding. It was so held in *Semple v. Lee*, 13 Iowa, 304.

II. The cross-petition contained proper averments, showing the interest of the plaintiff in the subject matter of the

2. PRACTICE: substitution of parties. controversy, and the defendants having answered, it is too late to raise now for the first time the objection that the petition is insufficient in this respect. When the order of substitution was made, the legal effect was to strike out of the cross-petition the name of Montgomery and insert in place thereof that of the plaintiff. There was no

necessity for the plaintiff to file another petition, or formally on the record to adopt the one on file.

III. It is urged, the decree does not amount to a foreclosure of the mortgage; we, however, think otherwise. The decree sufficiently forecloses the mortgage, at least such is its legal effect, although it is not in the usual and ordinary form; but if such was not the case, the error in this respect is one of which the defendants cannot complain. So, too, as to the alleged error that the judgment only draws six per cent interest, instead of ten, as provided in the mortgage.

IV. As the deed from Watson to Jack had been corrected so as to provide the latter should pay the mortgage, it is

3. MORTGAGE: foreclosure: evidence. urged that it was improper to base the decree on oral testimony, but that it should have been so found and decreed, "if at all, because the deed so provided."

We do not know upon what testimony the court below based the finding and decree. The abstract shows the contract was proven by parol evidence, and that the original decree was also introduced in evidence. Both together are sufficient, and the objection is not well taken.

AFFIRMED.