HORACE DODD, Administrator, etc., Respondent, *v.* JOSEPH
NEILSON, Administrator, etc., GEORGE W. SMITH, Purchaser,
Appellant.

Certain lands were conveyed by G. and B. to D., who executed an instru-
ment under seal, reciting that he had received the deed from H., to secure
advances made to him, and covenanting with H. to hold the same until
the advances were paid, or to sell, and after reimbursing himself for the
advances with interest and expenses, to pay the surplus to H., and con-
vey to him the residue of the land. The administrator of D. brought an
action against H. for an accounting as to the advances and for a sale of
the lands to pay the amount found due. H. died pending the action, and
his administrator was substituted. Judgment was rendered directing a
sale, and the lands were struck off to S. *Held,* that an order directing
S. to take title was error; that a reasonable inference from the facts
was that H. was the beneficial owner of the lands, and at his request the
conveyance to D. was made; that the transaction amounted to an
equitable mortgage, and upon the death of H., the equitable fee de-
scended to his heirs, and they were necessary parties to the foreclosure.

*It seems* that if the transaction constituted a trust, it was a trust in the
nature of a mortgage, and the heirs of H. could not be cut off and barred
of the right of redemption by a sale in an action to which they were not
parties.

(Argued October 10, 1882; decided October 17, 1882.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, made May 8, 1882,
which reversed an order of Special Term denying a motion on
the part of plaintiff and granting the motion, which was for an
order compelling George W. Smith, a purchaser, to take title
to lands sold under a judgment herein.

The facts were admitted substantially as follows:

John F. Griffin and William G. Bailey, being seized in fee of
certain real estate situate in Brooklyn, conveyed same to Free-
man Dodd. Dodd made a defeasance or agreement as follows:
"Received from William L. Haskins, New York, October 1,
1859, the following deeds of conveyance of land, viz.:   *   *

* * from Griffiin & Bailey to myself * * * * for the purpose of securing the payment of advances made by me to said William L. Haskins, in my note discounted at the City Bank of Williamsburg, on or about the 27th day of May, 1858, for the sum of $2,700, dated May 27, 1858, and payable fourteen months after the date thereof, and for other advances in money made by me to said Haskins subsequently thereto.

"And in consideration of $1 to me in hand paid by said William L. Haskins, I do hereby covenant and agree to and with the said William L. Haskins, either to hold the said property so deeded to me, until reimbursed my said advances, or to sell and convey the same at such times and for such considerations as may seem best; and after reimbursing myself, or being reimbursed, for the moneys advanced by me, and interest thereon, and all other reasonable expenses, to be adjusted to the mutual satisfaction of said Haskins and myself, then to pay and deliver to the said Haskins, or his assigns, all the surplus proceeds of said lands, or to convey to him or his assigns the residue of such lands.

" Given under my hand and seal, at New York, the day [L. S.] and year first above written; binding my heirs and assigns hereby.

　　　　　　　　　　　　　　　"FREEMAN DODD."

Horace Dodd, as administrator of the estate of said Freeman Dodd, deceased, brought an action against said William L. Haskins. The complaint sets forth said deeds of Griffin and Bailey to Freeman Dodd; describes the premises in question and others, and on information and belief avers that the object of said deeds was to secure payment to said Freeman Dodd, or his legal representative, of sundry advances of money made, and to be made to and for said defendant Wm. L. Haskins, from, at or about the date of said conveyances, and to discharge incumbrances and necessary and reasonable expenses, etc.; that Dodd accordingly paid and advanced sundry sums during his life-time, and that since his death the plaintiff paid taxes, etc., all which aggregated $16,000, and that the said payments are liens upon said premises; that a sale is necessary to ob-

tain repayment, and no part has been paid; that no proceedings have been had, at law or otherwise, to recover the said sums and demands; that all persons claiming subsequent to the commencement of this action be barred and foreclosed of all equity of redemption, etc.; and that said premises be sold according to law, the proceeds brought into court, plaintiff paid amount due, that an accounting be had between plaintiff and defendant, and that the surplus after sale be paid to defendant, or such other person as the court directs, etc. The only contest in the action was as to the amount of the advances. It was referred to a referee, and upon the coming in of his report by which he found that, by virtue of said conveyances and defeasance constituting an equitable mortgage, plaintiff has a lien upon the lands described in said deeds to the extent of such advances.

Judgment was rendered adjudging:

"That the deeds and defeasance mentioned in said report constitute an equitable mortgage upon the lands in said report mentioned, and were made to secure Freeman Dodd for his payments and advances to said Wm. L. Haskins, and the expenses incurred in respect to said lands and premises," etc.

The judgment directed a sale by the sheriff at public auction of the premises in question, in the usual form of a foreclosure sale. Pending the action Haskins died, and Joseph Neilson, his administrator, was substituted as defendant.

The sheriff duly sold the premises on due public notice. Haskins left heirs at law who are now of full age.

*A. W. Gleason* for appellant. The transaction was not a trust. (*Farmers' Loan and Trust Co.* v. *Carroll*, 5 Barb. 613.) The plaintiff was not entitled to bring the action. (2 R. S. [4th ed.] 141, § 80; *Hawley* v. *Ross*, 7 Paige, 103; *Milbank* v. *Crane*, 25 How. Pr. 193.) Plaintiff is estopped. The mortgagors should have been made parties defendants. (*Clark* v. *Henry*, 2 Cow. 324; *Remsen* v. *Hay*, 2 Edw. Ch. 535; *Bell* v. *The Mayor, etc.*, 10 Paige's Ch. 56; *Whitney* v. *Townsend*, 2 Lans. 259; Thomas on Mortgages, 12; 2 Washb.

on Real Property [4th ed.], 61, 62.) Having obtained the judgment at his own seeking, declaring that the deed was a mortgage, the plaintiff is now estopped from claiming it was a deed or a declaration of trust. He cannot deny his own unqualified admissions in the record. (*Dezell* v. *Odell*, 3 Hill, 215; *Otis* v. *Sill*, 8 Barb. 102; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483; *Radway* v. *Graham*, 4 Abb. Pr. 468.) A *lis pendens* should have been filed. (2 R. S. [Edm. ed.] 181, § 43, chap. 88; Laws of 1864; *Curtis* v. *Hitchcock*, 10 Paige's Ch. 399; Old Code, § 132; Code Civ. Pro., §§ 1631, 1632, 1670, 1671; *Whittick* v. *Kane*, 1 Paige's Ch. 202; Thomas on Mortgages, 221.) The judgment should have been at Special Term, not at Chambers. (*Aymer* v. *Chace*, 12 Barb. 301; *Hancock* v. *Hancock*, 22 N. Y. 568; *Bantes* v. *Brady*, 8 How. Pr. 216; *German Sav. Bank* v. *Muller*, 10 N. Y. Weekly Dig. 673; Wait's Pr. 561, 626; *Heishon* v. *Knickerbocker Life, etc.*, 77 N. Y. 278.) The deed and defeasance should have been recorded as a mortgage. (*White* v. *Moore*, 1 Paige, 551; *Grinstone* v. *Carter*, 3 id. 421; *Dey* v. *Dunham*, 2 Johns. Ch. 190; *Morey* v. *Johns*, 2 Cow. 246; Thomas on Mortgages, 155, 156.) The defeasance agreement should have been recorded at same time as deed. (1 R. S. [Edm. ed.] 708, § 3.) The court will not compel a purchaser to take a doubtful title. (*Clark* v. *Rochester, etc., R. R. Co.*, 18 Barb. 350.; *Gale* v. *Archer*, 42 id. 320; Gerard's Titles to Real Estate, 479, 480; *Morris* v. *Mowatt*, 2 Paige's Ch. 586; *Matter of Cavanagh*, 14 Abb. Pr. 258; *Brooklyn Park Comm'rs* v. *Armstrong*, 45 N. Y. 234; *Fryer* v. *Rockefeller*, 63 id. 268; *Argall* v. *Raynor*, 20 Hun, 267; *Jordon* v. *Poillon*, 77 N. Y. 518.)

*James M. Baldwin* for respondent. The doctrine of equitable conversion will apply in this case. (*Stagg's Ex'rs* v. *Jackson*, 1 N. Y. 206.) The court will disregard defects not affecting substantial rights. (Code of Civ. Pro., § 721, subd. 11 and 12; *Sheridan* v. *Andrews*, 49 N. Y. 478.)

ANDREWS, Ch. J. We think the purchaser should not be compelled to complete his purchase. It is a reasonable inference from the facts stated, that Haskins was the beneficial owner of the premises conveyed by Griffin and Bailey to Dodd, and that the conveyance was made at Haskins' request. The instrument of October 1, 1859, executed by Dodd to Haskins, concurrently with the delivery of the deed, declared that the conveyance was made to secure advances made by Dodd to Haskins, the amount of which is stated, and contains a covenant on the part of Dodd, either to hold the property until reimbursed for his advances to Haskins, or to sell the same, and, after paying his advances, to pay over the surplus to Haskins, or convey to him the residue of the lands. The action and the judgment of sale were based distinctly upon the theory that the transaction constituted an equitable mortgage from Haskins to Dodd, and this view seems to be sustained by authority. (*Stoddard* v. *Whiting*, 46 N. Y. 627; *Carr* v. *Carr*, 52 id. 258; *Pardee* v. *Treat*, 82 id. 385.) If the relation of mortgagor and mortgagee existed between Haskins and Dodd, then upon the death of Haskins the equitable fee descended to his heirs, and they were necessary parties to the foreclosure. If, as assumed by the General Term, the transaction between Dodd and Haskins constituted a trust, it was a trust in the nature of a mortgage, and upon payment of the money owing to Dodd the heirs of Haskins would be entitled to compel a conveyance to them of the legal estate. They could not be cut off and barred of the right of redemption by a sale under a judgment in an action to which they were not parties. The objection that the suit was not revived against the heirs of Haskins, and that they are not barred by the judgment, is, therefore, well taken, and it is unnecessary to consider the other objections urged.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.