YOUKER *v.* TREADWELL.

*(Supreme Court, General Term, Fourth Department. January, 1889.)*

1. MORTGAGES—FORECLOSURE—SERVICE OF NOTICE—AFFIDAVIT.
    Although an affidavit of service of notices of foreclosure, which states the residence of the persons served on the information and belief of the affiant, does not furnish presumptive evidence of service, yet the defect does not render the affidavit inadmissible, common-law evidence being competent to show the fact of service.
2. SAME—SALE—VALIDITY.
    The insufficiency of service of notice of foreclosure, as to certain parties other than the mortgagor, renders the sale irregular or invalid as to such parties only, and those claiming under them.

Appeal from judgment on report of referee.

Ejectment to recover land in Herkimer county, brought by Jacob Youker against Mary L. Treadwell. Judgment for plaintiff, and defendant appeals.

Argued before FOLLETT, P. J., and MARTIN and KENNEDY, JJ.

*M. G. Bronner*, for appellant. *C. J. Palmer*, for respondent.

MARTIN, J. The plaintiff and defendant are the owners of adjoining lots situated on the west side of William street in the village of Little Falls, N. Y. The controversy which resulted in this action arose in relation to the location of the boundary line between these lots. The action was ejectment, and was brought to recover a triangular piece of land which lies along the boundary line between said lots. It is about 177 feet in length, 5.8 feet in width at the rear of said lots, and runs to a point at the west line of William street. On February 1, 1874, William S. Tucker was the owner and in possession of a tract or plot of land situated on the west side of William street. On that day he sold and conveyed to one Halthouse a lot from said tract 40 feet in width, this lot being taken from the most southerly portion of said tract. On February 2, 1874, Tucker sold to Henry Dunteman a lot from

such tract, which was also 40 feet in width, and immediately north of that sold to Halthouse.   Each of these lots was bounded on the east by the west line of William street, on the north and south by lines running at right angles with William street, and on the west by the line of lands owned by one Gearhart.   The place of beginning in the description in the Halthouse deed was a point on the west line of William street, at the north-east corner of a lot occupied by Mrs. Gray, and in the Dunteman deed a point on the west line of William street, 40 feet north of the Gray corner.   On November 27, 1875, Tucker sold to one Clark the lot now owned by the plaintiff, which was described and bounded as follows: "Commencing at a point in the west line of William street extended forty feet from the north-east corner of lands of Henry Dunteman, and running thence westerly at right angles with William street to line of lands of Nicholas Gearhart; thence northerly parallel with William street fifty feet; thence easterly parallel with the first line to the said line of William street; and thence along William street fifty feet, to the place of beginning."   On September 27, 1876, Tucker conveyed to one Dickens the lot now owned by the defendant, which on the same day was conveyed to Mary C. Tucker, and conveyed to the defendant by Mary C. Tucker April 24, 1880.   This lot was described and bounded as follows: "Commencing on the west side of William street forty feet from the south-east corner of Henry Dunteman's lot, and runs northerly along the west side of said William street forty feet; thence westerly along the south line of J. P. Youker's lot one hundred and seventy-seven feet; thence southerly along the east line of N. Gearhart's land to the north-west corner of Henry Dunteman's lot forty feet; thence easterly along the north line of said Dunteman's lot to William street, the place of beginning,—being forty feet front and rear and one hundred and seventy-seven feet deep."   From the description of the defendant's lot it will be observed that it is bounded on the north by the plaintiff's south line, so that the question in this case is the true location of the plaintiff's south line.   This line is described in the plaintiff's deed as commencing at a point in the west line of William street forty feet from the north-east corner of Henry Dunteman's lands, and running thence westerly at right angles with William street to the line of lands of Gearhart.   To determine the location of this line it is necessary first to ascertain the location of Dunteman's north-east corner, and then ascertain the location of the west line of William street at that time,— November 27, 1875.   The referee, in substance, found that the north side of the cap on a post now setting in the corner of the Dunteman lot was at the north-east corner of such lot, and that the plaintiff's south boundary line intersects the west line of William street 40 feet northerly from such cap.   He also finds that the present location of William street, as used, is the actual location of the street, and is the same as it was on November 27, 1875.   If these findings are correct, then it is obvious that the plaintiff was entitled to the judgment awarded.   But the defendant contends that the referee erred in finding that the west line of William street as now used is the same as when the plaintiff's deed was given.   His claim is that the line of William street as it then existed was at right angles with the line of these lots as they were fenced and used, and hence that the line claimed by the plaintiff is not the true one.   It need not be denied that there is some evidence which tends to support the defendant's claim; but there is also evidence which tends to show that the street was never at right angles with the line claimed by the defendant, but that its location was the same then as now.   We are of the opinion that the evidence was sufficient to fairly justify the referee in finding that the west line of William street was the same when the plaintiff's deed was given as now, and in holding that the plaintiff was entitled to recover the possession of the lands in question.

This leaves for consideration only the questions arising upon the rejection or admission of evidence.   The plaintiff offered in evidence the affidavits of fore-

closure of a mortgage given by Clark to Tucker, and assigned to the plaintiff, and under which the plaintiff claimed to have acquired the title to his lot, including the premises in question. The defendant now claims that this was error, because the affidavits of the service of the notices of foreclosure stated the residence of the persons served on the information and belief of the affiant. While it has been held that such an affidavit does not furnish presumptive evidence of service, (*Mowry* v. *Sanborn*, 65 N. Y. 581,) yet it has also been held that the fact of the service may be shown by common-law evidence in the absence of an affidavit showing such service, (*Mowry* v. *Sanborn*, 68 N. Y. 153.) We do not think that the defect claimed rendered the affidavits inadmissible.

The effect of such defect presents another question which will now be considered. It is claimed that the plaintiff failed to prove the residence or principal place of business of the National Bank of Gloversville, or of the Weed Sewing-Machine Company, and hence that the foreclosure was invalid. The person who served the notices testified positively that the persons to whom such notices were directed resided at the places named in the affidavit as their place of residence, and to which such notices were directed. On his cross-examination he testified that he had never been at the principal place of business of the Weed Sewing-Machine Company, and yet he testified positively that he knew it was at the place where the notice was sent. We are of the opinion that the evidence was sufficient to show that the parties served resided at the place to which the notices were sent. Moreover, if not sufficient as to the Bank of Gloversville and the Weed Sewing-Machine Company, it would only render the sale irregular as to them, or those claiming under them. The mortgagor and his wife were served, and there was proper proof of such service, hence the sale was valid, although it may not have extinguished the liens of the bank and sewing-machine company. *Candee* v. *Burke*, 1 Hun, 549. We think the maps offered in evidence by the plaintiff were admissible, and that the referee committed no error in receiving them. *Knapp* v. *Altmayer*, 33 N. Y. Super. Ct. 161; *Curtiss* v. *Ayrault*, 3 Hun, 487–490; *Bucker* v. *Fero*, 16 Hun, 589.

We have carefully examined all the rulings of the referee to which our attention has been called, but have found no others that seem to require special examination. We think the judgment is fairly sustained by the evidence, that there were no errors in the rulings that require or would justify a reversal of the judgment, and that it should be affirmed. Judgment affirmed, with costs. All concur.