FLANNERY & CO. v. THE BALDWIN FERTILIZER CO.

Where the service in a statutory proceeding to foreclose a mortgage on realty was regularly returned by the sheriff as made upon a special agent of the mortgagor, a creditor of the mortgagor who had a general judgment junior to the mortgage could not dispute the legality of the service by showing, on a rule to distribute money, that the person served was not in fact a special agent of the mortgagor at the date of the service, it not appearing that the mortgagor had repudiated the service, or taken any steps to traverse the sheriff's return, or to have the judgment of foreclosure set aside. In rendering the judgment of foreclosure the superior court necessarily adjudicated upon the fact of service and its sufficiency, the mode of service being one of those expressly enumerated by statute. Code, §3962.          *Judgment reversed.*
August 20, 1894.

Money rule. Before Judge SMITH. Dodge superior court. September term, 1893.

A rule for distribution of money in the sheriff's hands was brought by John Flannery & Co. The Baldwin Fertilizer Co. intervened, claiming the fund upon its execution, and alleging that, while the mortgage of Flannery & Co., upon which their execution issued by foreclosure, was senior to intervener's judgment in attach-

ment, it was not entitled to the fund raised by the sheriff's sale, for the reason that the mortgage foreclosure was void, there having been no service of the rule *nisi* upon Coleman, the defendant in execution, nor acknowledgment of service, nor appearance and pleading nor other waiver by said defendant, the only pretense of service being upon Peacock as special agent of Coleman, whereas Peacock was not the special agent of Coleman upon whom service could be perfected. Movants denied the right of intervener to participate in the distribution, or to inquire into the validity of the mortgage *fi. fa.* and judgment of foreclosure, or to make the issue that Peacock was not in fact the special agent of Coleman, the mortgagor, this being a personal privilege and right of Coleman alone; and objected to testimony by Peacock, that he was not the special agent of Coleman at the time he was served with the rule *nisi*. The overruling of this contention and objection was assigned as error.

DeLacy & Bishop, for plaintiff in error.

E. A. Smith and W. M. Clements, *contra.*