MORTGAGES (§ 173*)—LIEN—PRIORITY—UNRECORDED EQUITABLE MORTGAGE.

> Where Q. purchased land with money furnished by two banks and deeded same to S., who executed an instrument under seal stating that he held the land in trust for the debt of Q. to the banks, and that in case of sale for payment of such debt the surplus money should be paid to Q., and S. conveyed the property to W., who executed a like instrument of trust, such declarations of trust, though not recorded, constituted an equitable mortgage to secure the payment of Q.'s indebtedness to the banks and gave Q. at least an equitable fee in the equity of redemption, which mortgage took priority over the lien of a judgment against Q. of which a transcript was filed subsequent to the execution of the instruments, but before they were recorded.

> [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 412, 419–424; Dec. Dig. § 173.*]

Appeal from Special Term, Nassau County.

Action by the German National Bank of Pittsburgh against Emmet Queen and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Martin A. Schenck, of New York City (Julien T. Davies, Jr., of New York City, on the brief), for appellant.

Peter Condon, of New York City, for respondent Audubon National Bank.

CARR, J. The plaintiff appeals from an order that denied its motion for judgment on the pleadings. There is a long complaint in the record, described as an amended complaint, and likewise a long answer on the part of the defendant the Audubon National Bank, which is described as an amended answer to the amended complaint. Other defendants had demurred to the amended complaint, and the plaintiff made a motion in part to overrule the answer of the Audubon National Bank and the various demurrers as frivolous. The notice of motion also asked relief granting judgment to plaintiff upon all the pleadings herein. The learned court at Special Term treated the entire motion as one made to overrule frivolous pleadings.

If the motion is to be treated as seeking relief only on the ground

that the answer of the defendant the Audubon National Bank is frivolous, then we have nothing much to do with this appeal, as it should be dismissed, for under section 537 of the Code of Civil Procedure an order denying a motion to strike out a pleading as frivolous is not appealable. We think that the plaintiff did not move solely on the ground of frivolous pleading, but that its motion must be considered also as one for judgment on the pleadings under section 547 of the Code of Civil Procedure, and we shall consider the appeal from the order in this light. According to the plaintiff's amended complaint, it is the assignee of whatever rights were possessed by two banks in Pittsburgh in certain lands located in Nassau county, in this state. That it is such assignee is not disputed by the amended answer. The amended complaint sets forth that one Queen bought from one Humphreys a tract of land in Nassau county in 1906; that the moneys used by Queen to make the purchase were loaned to him by two banks of the city of Pittsburgh, namely, the Farmers' Deposit National Bank and the Farmers' Deposit Savings Bank; that said Queen caused title to said premises to be taken by one Smith, under a full covenant warranty deed from the vendor; that Smith thereupon executed an instrument under seal, which is set forth as an exhibit to the amended complaint. In this instrument Smith declared that he held no beneficial interest in the property in question, but that it was conveyed to and was held by him in trust for the payment of the debt of Queen to the banks aforesaid, and that, in the event of the payment of said debt by Queen, he (Smith) would reconvey the property to Queen, or, in the case of the failure of Queen to pay the debt, that he (Smith) would sell said property and apply the proceeds to the payment of said debt, and render over to Queen the surplus moneys remaining. Queen's indebtedness to these two banks appeared in a series of notes, made or indorsed by Queen and held by said banks. The debts for which Smith declared himself to hold the property in trust were to comprise all debts due by said Queen to said banks up to and on the 17th day of October, 1907. Smith thereafter conveyed said property to one Winner, who is a party to this action, and Winner executed and delivered an instrument in which he declared that he had no beneficial interest in the premises, but that he received the conveyance from Smith and held the lands under the same trust and for the same purpose for which they had been held by Smith.

The amended complaint alleges that the indebtedness of Queen to said banks aggregated the sum of $180,000, represented by notes, some or all of which have been renewed, and which it now holds. In its first cause of action it asks that the transaction between Smith and Queen, as shown by the instruments above referred to, be adjudged to be a purchase-money mortgage in favor of the aforesaid two banks, and by them assigned to it. The transaction of the purchase of the property and the execution of the Smith instrument of trust was in 1906 and that of Winner in 1910, but these instruments of trust were not recorded in Nassau county until 1911. In the meantime, in 1910, the defendant the Audubon National Bank obtained a judgment in New York county against Queen, and it filed a transcript of the judg-

ment in Nassau county in the same year and before the recording of the trust instruments of Smith and Winner. The plaintiff alleges in its amended complaint, if the defendant the Audubon National Bank acquired any lien by virtue of the filing of its transcript of judgment, that such lien was subordinate to the plaintiff's rights in the premises under the instrument executed and delivered by Smith and Winner, and it asks foreclosure of such instruments as a purchase-money mortgage and the taking of proof as to the amount due to it under and by virtue thereof. Such is its first cause of action. It is insisted also by the plaintiff-appellant that as a matter of law the Audubon National Bank acquired no lien on the premises whatever by the mere filing of its transcript of judgment.

As the case appears to us, it is not very material to the first cause of action stated in the amended complaint whether a lien was acquired as a matter of law by the defendant under the circumstances, if such alleged lien, if so acquired, be as a matter of law subordinate and subsequent to the lien of the plaintiff acquired from the declarations of trust. It seems to us that the effect of the declarations of trust was to make an equitable mortgage in the premises to secure the payment of Queen's indebtedness to the Pittsburgh banks, and to give Queen at least an equitable fee in the equity of redemption. If this be so, then the fact that the defendant filed a transcript of its judgment in Nassau county before the recording of this Smith instrument, but several years after its execution and delivery, did not give to it a priority of lien, if lien there be, over that created by the equitable mortgage. Sullivan v. Corn Exchange Bank, 154 App. Div. 292, 139 N. Y. Supp. 97. It is at least doubtful whether the respondent, by the mere filing of its transcript of judgment, ever acquired any legal lien on the premises in question. Doubtless, as said before, the transaction between Smith and Queen, as evidenced by the instrument aforesaid, constituted an equitable mortgage in favor of the Pittsburgh banks, and gave to Queen an equitable fee in the premises. Dodd v. Neilson, 90 N. Y. 243; Pardee v. Treat, 82 N. Y. 385; Carr v. Carr, 52 N. Y. 251; Stoddard v. Whiting, 46 N. Y. 627.

But can a simple judgment creditor acquire a lien upon such an estate as Queen possessed, by the mere docketing of a judgment or the filing of a transcript thereof? It has been held that the mere docketing of a judgment does not create a lien upon a simple equitable estate in real property. Bates v. Ledgerwood Mfg. Co., 130 N. Y. 200, 29 N. E. 102; Sage v. Cartwright, 9 N. Y. 49. If this be so, then the judgment of the defendant the Audubon National Bank, as set forth in the amended complaint and as likewise set up affirmatively in the answer, did not create a legal lien upon the property in question, and any rights which said defendant seeks to assert' simply by virtue of the filing of the transcript of judgment are not cognizable in this action under the facts as set forth in the amended answer. Hence the amended answer sets up no defense to the material allegations of the amended complaint in the first cause of action, and probably not to those of the second cause of action. And in any event as to the first cause of action, which seeks foreclosure of the plaintiff's lien by virtue of the

"Smith instrument, an interlocutory judgment should have been awarded to the plaintiff.

We are informed by the briefs that the other defendants whose demurrers were overruled have since answered precisely in form as did the Audubon Bank. Hence the decision of this motion will decide necessarily their cases also. The claims of these judgment creditors aggregate over $40,000 and interest. We should note here that the respondent cites in its support an old case in this department, Bowery Nat. Bank v. Duncan, 12 Hun, 405, opinion by Gilbert, J., which strongly supports its contention that by the mere filing of its transcript of judgment it acquired a lien on Queen's equity of redemption. We can find no subsequent citation of this case, but in any event it does not touch the question of the subordination of such lien to the prior equitable mortgage.

The order should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings granted to the extent of awarding to the plaintiff an interlocutory judgment for the foreclosure of its equitable mortgage and a determination of the amount due thereon, with $10 costs. All concur.