JOHNSON v. PUTNAM FOUNDRY & MACHINE CO.

(Supreme Court, Appellate Division, Second Department.  April 9, 1915.)

1. MORTGAGES ⬤⟶497—FORECLOSURE—JUDGMENT—EFFECT.

As to defendants having an interest in the land, the judgment in a mortgage foreclosure suit transfers such interest; while as to defendants having only a judgment lien thereon, it merely bars and extinguishes the lien.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471–1473;  Dec. Dig. ⬤⟶497.]

2. MORTGAGES ⬤⟶434—FORECLOSURE—PARTIES—HOLDER OF SUBSEQUENT LIEN.

The holder of a lien subsequent to plaintiff's mortgage is a proper party defendant in a mortgage foreclosure suit.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1272–1287; Dec. Dig. ⬤⟶434.]

3. MORTGAGES ⬤⟶452—FORECLOSURE—SUBSEQUENT LIEN—COMPLAINT—GENERAL ALLEGATION.

Where the holder of a subsequent lien is made a party defendant in a mortgage foreclosure suit, a general allegation in the complaint as to his lien is sufficient.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1316;  Dec Dig. ⬤⟶452.]

4. MORTGAGES ⬤⟶590—FORECLOSURE SALE—EFFECT ON JUNIOR LIENS—SERVICE OF PROCESS.

Under Code Civ. Proc. § 1632, providing that a conveyance on a sale pursuant to a judgment of foreclosure is an entire bar against each party duly summoned, a conveyance on a sale made pursuant to a judgment of foreclosure, providing that all defendants were barred and foreclosed of all lien in the mortgaged premises, extinguished the lien of a junior lienor, who was made defendant and entered an appearance in the action, though he was not served, and though the service on the mortgagor may have been defective.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1691, 1692; Dec. Dig. ⬤⟶590.]

5. MORTGAGES ⬤⟶492—FORECLOSURE—COLLUSION—JUDGMENT.

Where, in a mortgage foreclosure suit, the evidence shows that, pursuant to a collusion between the mortgagor and the mortgagee, judgment creditors of the mortgagor are the only defendants served, the object being to secure the property to the mortgagor free from any liens except the mortgage, a judgment extinguishing the liens of such creditors should be denied.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1438;  Dec. Dig. ⬤⟶492.]

6. MORTGAGES ⬤⟶497—FORECLOSURE—VOIDABLE · JUDGMENT.

A judgment extinguishing liens of judgment creditors of the mortgagor, entered in a mortgage foreclosure suit wherein, pursuant to collusion between the mortgagor and mortgagee, such creditors are the only defendants served, is voidable only, and not void.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471–1473;  Dec. Dig. ⬤⟶497.]

7. MORTGAGES ⬤⟶542—FORECLOSURE—PURCHASER—RIGHT AS MORTGAGEE IN POSSESSION.

Where the purchaser at a mortgage foreclosure sale under a voidable judgment is in possession, he is entitled to the rights of a mortgagee in possession, especially where he has acquired a quitclaim deed to the property from the judgment creditor, as to whom the judgment is voidable;

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and his interest cannot be sold under an execution issued thereafter on the judgment against the mortgagor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1561; Dec. Dig. ☞542.]

8. QUIETING TITLE ☞7—ACTION TO REMOVE CLOUD ON TITLE—RIGHT OF ACTION—SHERIFF'S DEED.

A sheriff's deed, given pursuant to an attempted execution sale of property, in which plaintiff had the rights of a mortgagee in possession, was such a cloud on plaintiff's title as gave him a right of action, under Code Civ. Proc. § 1638, to remove the same.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. ☞7.]

Appeal from Trial Term, Westchester County.

Action by Beda Johnson against the Putnam Foundry & Machine Company. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and RICH, JJ.

Harold Swain, of New York City (Robert W. Cromley, of New York City, on the brief), for appellant.

J. Mortimer Bell, of Mt. Vernon, for respondent.

BURR, J.   Plaintiff appeals from a judgment dismissing her complaint upon the merits, in an action brought under the provisions of section 1638 of the Code of Civil Procedure for the determination of defendant's adverse claim to certain real property situated in the city of Mt. Vernon.   The case was tried before the court without a jury. The contentions of the respective parties arise from the following undisputed facts:

On September 5, 1899, Albert W. Mott was the owner in fee of the premises in question, and on that day executed a mortgage thereon to one William M. Denman, in which his wife joined.   Denman died in November following, and by his will bequeathed such mortgage to his wife, Jennie A. Denman.   The defendant, on March 22, 1900, recovered a judgment against Mott in the City Court of Mt. Vernon, which was docketed in the office of the clerk of Westchester county on March 24, 1900, and became a general lien upon the realty owned by Mott in that county.   On June 7, 1902, Mrs. Denman commenced an action to foreclose her mortgage, making Mott and his wife and the defendant parties thereto.   The latter appeared by attorney and waived the service of all papers other than notice of sale and of surplus money proceedings.   Mott was at that time a nonresident, and, although an attempt was made to serve the summons in said action upon him by publication, the papers, upon which the order for such service was made, were defective.   Such proceedings were had and taken in such action that on December 6, 1902, a judgment of foreclosure and sale was entered, in form against all of the defendants named therein, under the provisions of which the premises were sold to Mrs. Denman; and, through several mesne conveyances, such title as she had passed to the plaintiff by deed on April 13, 1908.   Subsequently, and on June

12, 1909, Mott executed and delivered to her a quitclaim deed, conveying to her all of his interest in said premises, which deed was recorded in the office of the clerk of Westchester county on July 10, 1909. Before the expiration of ten years after the docketing and entry of its judgment, defendant obtained leave to issue execution against Mott, and the sheriff of Westchester county, under such execution, attempted to levy upon, and on May 6, 1910, sold at public auction and attempted to convey to it, all the right, title, and interest which Mott had in the premises involved on March 29, 1900, or at any time thereafter.

[1] We think that the difficulty in this case has arisen from confusing the interests of defendants in a foreclosure action who have an estate in the land with defendants who have only a lien thereon by way of judgment. As to the former, the effect of the judgment is to transfer such estate or interest. As to the latter, its effect is to bar and extinguish the lien. Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901; Hope v. Shevill, 137 App. Div. 86, 90, 122 N. Y. Supp. 127, 130. In the latter case, Mr. Justice Thomas says:

"The purpose of an action to foreclose a mortgage is to *extinguish liens* and transmit through the mortgage to the purchaser on the sale the fee of the land."

[2, 3] The Putnam Foundry & Machine Company is such a lienor. As its lien was subsequent to the mortgage, it was a proper party defendant; and a general allegation of lien, such as was made in this case, is sufficient. Drury v. Clark, 16 How. Prac. 424; Albany City National Bank v. Hudson River Brick Mfg. Co., 79 Hun, 387, 29 N. Y. Supp. 793. The relief asked for against it, was not the sale and transfer of its estate or interest in the land for it had none, but that it be barred and foreclosed of all lien thereon.

[4] A conveyance upon a sale, made pursuant to a judgment of foreclosure, is "an entire bar * * * against each party to the action who was duly summoned." Code Civ. Proc. § 1632. Defendant's appearance in said action was equivalent to due personal service. The judgment in express terms provides that:

"Each and all of the defendants * * * be and they are hereby barred and foreclosed of all * *. * lien * * * in the said mortgaged premises."

Under that judgment, a sale was had and a conveyance given, under which plaintiff's predecessor in title entered into possession of the property, and she and such predecessors have been in constant possession of the same since that time. The court had jurisdiction of the subject-matter of the action and of the person of the defendant Putnam Foundry & Machine Company. The judgment, and the sale under, it, cut off and extinguished any lien that it had upon the land. Flannery & Co. v. Baldwin Fertilizer, Co., 94 Ga. 696, 21 S. E. 587; Youker v. Treadwell, 4 N. Y. Supp. 674; [1] Montgomery v. Tutt, 11 Cal. 307, 316. A junior lienor cannot avail himself of defective serv-

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 51 Hun, 638.

ice upon the mortgagor.    Semple v. Lee, 13 Iowa, 304; Fergus v. Tinkham, 38 Ill. 407.

[5, 6] If it should be urged that by collusion between a mortgagor, against whom are several judgments, and a mortgagee, an action for the foreclosure of a prior mortgage may be brought, to which the mortgagor and his judgment creditors are parties defendant, and in which the judgment creditors only are served, and thereafter a judgment of foreclosure and sale is entered, barring the latter from any interest or lien upon said premises, and that thus the mortgagor might be put in a position where he could hold said premises subject only to the mortgage itself, it is a complete answer to the suggestion: First, that the court should not grant such a judgment; second, if it inadvertently did, the judgment was not void, but only voidable; and, until set aside, it is conclusive.   Goebel v. Iffla, 111 N. Y. 170, 18 N. E. 649; Jenkins v. Fahey, 73 N. Y. 355, 357.   The judgment creditor had it within his power, by timely appearance in the action, to see that only a proper judgment was entered; and if erroneously an improper one was granted, to move promptly to set it aside.   The judgment of foreclosure and sale here attacked was rendered in December, 1902, and no motion has been made respecting the same.

[7, 8] But, if we are entirely wrong about this, the court has found that the plaintiff, who succeeded to the interests of the mortgagee, who was the purchaser at the foreclosure sale, is a mortgagee in possession. And, at least since the quitclaim deed from Mott, this finding is in accordance both with the evidence and the law.   Howell v. Leavitt, 95 N. Y. 617; Townshend v. Thomson, 139 N. Y. 152, 161, 34 N. E. 891. The equitable estate which has existed, at least since June, 1909, could not be sold under an execution which was not issued until March, 1910. Bates v. Ledgerwood Mfg. Co., 130 N. Y. 200, 29 N. E. 102; German National Bank v. Queen, 159 App. Div. 236, 144 N. Y. Supp. 195. The sheriff's deed, given in pursuance of such an attempted sale, is such a cloud upon plaintiff's title that an action will lie to remove the same.   Code Civ. Proc. § 1638.

We think that the judgment should be reversed on the facts, as well as the law, and judgment should be directed in favor of the plaintiff, with costs and disbursements of the action and of this appeal.   The findings of fact numbered XII and XIII, respectively, are reversed and set aside.   Plaintiff may submit findings of fact and conclusions of law in accordance with this decision.

JENKS, P. J., and STAPLETON and RICH, JJ., concur.   THOMAS, J., concurs in result.