### GROSVENOR and others *vs.* ALLEN and others.

The revised statutes having provided that the interest of a person holding a contract for the purchase of lands shall not be bound by the docketing of a judgment or decree, nor sold on execution, a judgment or decree against the holder of such a contract is not a lien upon the land in equity.

The only remedy of the creditor to reach the interest of his debtor in a contract for the purchase of lands is by filing a bill in equity, after he has exhausted his remedy at law for the recovery of his debt by the return of an execution unsatisfied. And a bona fide purchaser of the interest of the judgment debtor in land held under such a contract, previous to the commencement of the suit in this court to reach such interest, even where he has notice of the judgment, will be entitled to hold the debtor's interest in the land as against the judgment creditor.

A bona fide assignment of the interest of a judgment debtor in a contract for the purchase of lands, although such assignment is made for the payment or security of a pre-existing debt, is valid as against the judgment creditor, where the assignment is made before the judgment creditor has obtained a lien upon the debtor's interest in the land by the commencement of a suit in equity, after the return of an execution unsatisfied.

March 16. THIS was an appeal from a decision of the vice chancellor of the eighth circuit, dissolving an injunction. B. Rathbun, at the time of his failure in 1836, had contracted to purchase certain leasehold premises, to be paid for in the erection of buildings upon the property of the vendor; and to be conveyed in part payment when such buildings were completed. The buildings had been partially erected by Rathbun at the time of his failure; and he had also made improvements upon the leasehold premises which he had been permitted to take possession of in anticipation of the completion of his contract. All Rathbun's interest in the leasehold premises under this executory contract, was conveyed to his assignees by his general assignment

for the benefit of his creditors, on the 3d of August, 1836. The assignees settled with Wilkinson for the breach of the contract to erect the buildings and upon such compromise received from him a conveyance of the leasehold premises, which they afterwards sold to the defendant O. Allen. The complainants, who were the assignees of a judgment, rendered against Rathbun a short time prior to the general assignment of his estate for the benefit of his creditors, claimed that such judgment was a prior equitable lien upon the interest of Rathbun in the leasehold premises, under his contract. And the bill in this cause was filed for the purpose of obtaining a conveyance of the legal estate in the premises ; and to restrain the defendant Allen from selling the same.

*H. K. Smith & E. S. Warren,* for the appellants.

*N. K. Hall & S. Stevens,* for the respondents.

THE CHANCELLOR. In the decision of this appeal I lay out of view the fact that the time for the completion of Rathbun's contract to build had expired before his assignment for the benefit of his creditors in August, 1836 and it is doubtful whether a court of equity at that time would have compelled a specific performance of the agreement to convey to him the leasehold premises. The interest which his assignees acquired in that contract under the assignment, and their supposed equitable claim to go on and finish the buildings so as to entitle them to the conveyance of the leasehold property under the contract, was unquestionably the foundation of their subsequent compromise with Wilkinson, by which they obtained the legal estate in the premises. And their vendee having purchased with full notice of all the facts, cannot in equity set up the defence that Rathbun had no existing interest in the contract with Wilkinson at the time of his assignment, on the 3d of August, 1836, which could pass to the assignees under that assignment. The only question for consideration,

therefore, is whether a judgment at law is an equitable lien upon the interest of the judgment debtor in lands, held under an executory agreement to purchase the same ; whether such lands have or have not been fully paid for, so as to entitle the vendee to an immediate conveyance of the legal estate ? And upon this question I think the vice chancellor has arrived at the correct conclusion, under the new provisions contained in the revised statutes on the subject.

Previous to the revised statutes the equitable interest of a judgment debtor in lands was, in equity, subject to the lien of the judgment, except as to bona fide purchasers without notice ; in analogy to the lien of the judgment at law upon a legal estate in the lands. (*Forth* v. *The Duke of Norfolk*, 4 *Mad. Rep.* 504.) And by the statute 29th Charles 2d, ch. 3, § 10, and the statute of this state concerning uses, (1 *R. L. of* 1813, *p.* 74, § 4,) certain trust estates were also made liable to executions, at law. It was as to this last class of cases that the question arose, in England, whether a purchaser for valuable consideration of the legal estate, after notice of the judgment but before execution issued, was entitled to hold the estate discharged of the equitable lien of the judgment. (*See Coote's Law of Mort.* 71 ; 2 *Powell on Mort. by Coventry,* 607, *and note B.* ; 1 *Atk. on Conv.* 517 ; 2 *Sugden on Vend.* 10*th Lond. ed.* 385, § 7.) That question is put at rest in England, as to all future judgments, by the recent statute, (1 & 2 *Vict. ch.* 110, § 11, 13,) which makes the docketing of the judgment a charge upon the equitable as well as upon the legal interest of the judgment debtor in lands ; except as to purchasers for valuable consideration without notice. Under the provisions of that statute, the complainants' claim to priority, by virtue of their judgment, over the voluntary assignees of the judgment debtor, and as against the conveyance to the vendee who had notice of such judgment at the time of his purchase, would undoubtedly be sustained.

Our revised statutes, however, have made a very different provision for such a case as this ; by declaring that

" the interest of a person holding a contract for the purchase of lands, *shall not be bound by the docketing of any judgment or decree* ; nor shall it be sold by execution upon any such judgment or decree." (1 *R. S.* 736, § 4.) The statute having declared that such an interest in land shall not be bound by the docketing of the judgment, this court cannot so far repeal the statute as to make the judgment a lien upon the land in equity ; and thus to defeat an assignment for the benefit of creditors, made before the judgment creditor has obtained an equitable lien upon the interest of his debtor in the premises, by the commencement of his suit in this court to reach that interest, in the manner directed by the statute. By referring to the revisers' notes it will also be seen that the legislature rejected a provision, recommended by the revisers, making a judgment or decree a lien upon such an interest in land, and authorizing that interest to be sold on execution ; and they substituted this section, authorizing the interest of the debtor to be reached by a creditor's bill, after the return of the execution upon the judgment or decree unsatisfied. I have no doubt, therefore, that the vice chancellor was right in supposing that the complainants had not obtained any equitable lien upon Rathbun's interest in the premises in question at the time of his assignment for the benefit of his creditors, in August, 1836. If the asignees had notice of the existence of the judgment at that time, they also knew, if they understood the effect of this statutory provision, that the complainants had no lien either at law or in equity upon the asssigned property, which could entitle them to a preference over any other creditor of Rathbun.

The order appealed from must therefore be affirmed with costs.