THE TRUSTEES OF THE ST. JACOB'S LUTHERAN CHURCH OF THE TOWN OF EDEN, Respondents, *v.* GEORGE BLY et al., Appellants.

The fact that the certificate of the organization of a religious society required by the act providing for the incorporation of such societies (chap. 60, Laws of 1813), as recorded, does not appear to have had seals, is not necessarily fatal to its validity. The holding of the meeting, the election of trustees, and the execution of the certificate in accordance with the statute are the substantial requirements to create the corporation. An error in recording the certificate or the accidental loss of one or more of the seals after they were legally and properly affixed, will not invalidate the organization.

Certain premises were deeded to the trustees of an unincorporated religious society and their successors in office for church purposes, and a church edifice was erected thereon. Dissensions having arisen among the members, the minority ceased to attend religious services at the church, but held such services at the house of one of their number. There was no withdrawal of these persons from the church or congregation, nor were they removed therefrom. The minority gave the requisite notices for a meeting at the house where they were holding services to organize a corporation. The notices were read in the church as well as at said house. A meeting was held and the necessary steps taken prescribed by the statute to incorporate the society. In an action of ejectment to recover possession of the church property, *held*, that this was the case of a society holding services in two places; that the place named for the meeting being one of these places was within the provision of the statute requiring such meeting to be called at " the place where they statedly attend for divine worship (§ 3); and that the corporation became, by force of said

statute (§ 4), vested with all the temporalities belonging to the society, including the premises in question.

The majority of the congregation subsequently called a meeting and attempted to organize a corporation. *Held,* that the statute only contemplated one corporation for the same society ; at least that the first became vested with title to the property ; also, that although, under our laws, the temporalities of a church are to be controlled by a majority of the congregation, this can only be done through and by the election of trustees favorable to their views.

(Argued April 9, 1878 ; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of plaintiff, entered upon an order overruling exceptions and directing judgment on a verdict.

This was an action of ejectment to recover possession of certain premises upon which was a church edifice, parsonage and school-house, in the town of Eden, Erie county.

The plaintiffs claim to be the trustees of the religious society known as St. Jacob's Lutheran Church, of the town of Eden, and as such entitled to the possession and use of the church edifice, parsonage and school-house belonging thereto. A deed of the land on which the church, etc., were erected was given April 1, 1852, to John Heilbron, Charles F. Schroeder and George Eckhard. The deed, after the names of the grantees, continued as follows : " As trustees of the Lutheran St. Jacob's church, and their successors in office, of the town of Eden, county of Erie, and State of New York, belonging to the synod of the Lutheran church, emigrated from Prussia, and organized June 25, 1845, by Rev. J. A. A. Grabau, president and senior of the ministry and pastor of the Lutheran church in the city of Buffalo, N. Y. From this synod the Lutheran church at Eden shall receive her ministers and schoolmasters, and not from any other, and every one who will be an excluded member from this congregation or synod shall not have any rights or interest in the personal property or real estate of the said Jacob's church and congregation of Eden. The confession of this church and synod is the unaltered Augsburg confession of 1530, and their ortho-

dox explication in Dr. Luther's large and small catechism, the Apologia of the Augsburg confession, the Schmalkaldic articles and the former Concordia."

The members of the society represented, erected the church, school-house and parsonage upon the premises, and worshipped together in said church, without being incorporated.

Prior to 1867, a dissention arose in the church, three or four of the members constituting one party, and some fourteen or fifteen members constituting the other party. The evidence tended to show that both parties occupied the church for a time for public worship according to their respective creeds, the forms of worship being the same to both. The party smallest in numbers was known as the "Ritter party," and the larger one as the "Bly party." For some time prior to July, 1867, the Ritter party had been holding services at the house of Mr. Ritter. In July, 1867, notice was given on two Sundays in the church, by the Ritter party, of a meeting to elect trustees and organize a corporation under the statutes regulating the incorporation of religious societies, the meeting to be held at the house of Mr. Ritter. On the day and at the place designated, some of the male members of the church attended and elected three trustees, designated the name of the corporation, and determined the number of the trustees which should manage the affairs of the corporation. A certificate was prepared of the proceedings, which was signed and sealed by the officers who presided at said meeting. The certificate is dated the 3d day of July, 1867, and was filed and recorded in the Erie county clerk's office on the 6th July, 1867. The record does not show that the certificate had any seals on it when it was left for record, or that it ever had been sealed. The defendants' counsel objected to the record, because of this defect. The objection was overruled, and the defendants' counsel excepted. Parol evidence was given that the certificate was in fact executed under seal.

On the 26th of June, 1868, a meeting was held of the Bly party, pursuant to notice regularly given at the meeting-

house. Trustees were elected and a certificate prepared and signed by the officers presiding, purporting to organize a corporation, to be called the Lutheran St. Jacob's Church of Eden. The certificate was filed and recorded on the 6th July, 1868.

Further facts appear in the opinion.

*George W. Cothran,* for appellants. The complaint should be dismissed, for the reason that plaintiffs had failed to establish title or right to the possession of the *locus in quo.* (*Den* v. *Hay,* 1 Zabr., 174; 3 R. S. [6th ed.], 572, § 3; *Owens* v. *Mis. Soc., etc.,* 14 N. Y., 380; *Leonard* v. *Burr,* 18 id., 96; *Jackson* v. *Cory,* 8 J. R., 385; *Hornbeck* v. *Westbrook,* 9 id., 73; 23 N. Y., 366.) The attempt to incorporate the society in 1867 was inoperative and void, because the certificate of incorporation was fatally defective in not being under seal. (2 R. S. [6th ed.], 413, § 4; id., 410, § 1.) The election held at Ritter's house was void, because none of the persons who voted were qualified to vote. (2 R. S. [6th ed.], 416, § 15.) The temporalities of a religious corporation are under the control of a majority of the congregation. (*Graw.* v. *Prussia Ger. Soc.,* 36 N. Y., 161; *Watkins* v. *Wilcox,* 66 id., 654; 2 R. S. [6th ed.], 416, § 15.)

*William C. Johnson,* for respondents. The plaintiff was duly incorporated. (2 R. S. [6th ed.], 413.) Ejectment was the proper remedy. (*First Bap. Ch.* v. *Witherell,* 3 Paige, 269, 299–302; *Grant* v. *Prus. Germ. Soc.,* 36 N. Y., 161, 163; *First M. E. Ch.* v. *Filkins,* 3 T. & C., 279; 29 Barb., 31; 21 N. Y., 269; *Corbitt* v. *Ref. Dutch Ch.,* 54 id., 551.) The plaintiff's incorporation exhausted the old society, and it became merged therein, so that another corporation could not be formed out of it which would succeed to any of its rights. (2 R. S., 413; 3 Paige, 296.) Plaintiffs and its members, having in all things conformed to the conditions of the deed, have a right under it to control the property against all those who have become excluded mem-

bers of the church or the Buffalo synod. (*Petty* v. *Tooker*, 21 N. Y., 267–273.)

CHURCH, Ch. J. If the incorporation of 1867 at the house of Ritter can be sustained as that of the church congregation or society in question, there is no doubt but the corporation thus created became vested with the title to the church property which had been before conveyed to the trustees of the unincorporated society by force of section 12 (4) of the act. The circumstance that the certificate, as recorded, does not appear to have had seals is not necessarily fatal to its validity. It was undisputed at the trial that it had seals attached when it was executed, and whether the omission appearing upon the record was occasioned by the mistake of the recording officer, or by the loss of the seals before its delivery for record does not appear. The holding of the meeting, the election of trustees and the execution of the certificate in accordance with the statute, constitute the substantial requirements to create the corporation, and although the recording is necessary to its complete consummation, I do not think that an error in recording, or the accidental loss of one or more seals after they were legally and properly affixed, would prevent the corporation from taking effect as such.

It is insisted that the Ritter faction were not at the time of the incorporation a part of the congregation or society. It is not necessary to determine to what extent this question can be litigated collaterally. If they had no connection with the society, I think that fact might be interposed as a defense in this action, because they could succeed only to the property of the society of which they were members, and which they organized into a corporation.

The facts necessary to determine this question accurately do not very clearly appear. It is undisputed that the adherents of both parties, which are respectively denominated the Ritter and Bly party, originally constituted the church and congregation, and carried on religious services together, and

were attached to the Buffalo synod. This relation was recognized in the deed of the property to the unincorporated trustees.

I infer that the quarrel arose in consequence of a change of ecclesiastical relations ; a majority of the members becoming attached to the Missouri synod and receiving ministers and teachers from that judicatory, while the minority known as the Ritter party adhered to the Buffalo synod, and received ministers and teachers from that authority. It does not appear when this took place, but I infer that for a time both parties occupied the church edifice ; but in 1867, when the alleged incorporation took place, the Ritter party were holding religious services at the house of Ritter and the Bly party at the church edifice. There was no withdrawal of the persons attached to the Ritter party from the church or congregation, nor were they removed therefrom, and I think they must be regarded as belonging to it. It is the case of a society or congregation holding religious services in two places and with separate ministers, but neither excluded from participating in the services of either. The Ritter party although in a minority, as is not unusual with minorities, was the most active and vigilant, and gave the requisite notices for a meeting to organize a corporation. These notices were read in the church as well as at the house of Ritter, and the meeting was called at the latter place. Regarding the congregation as worshipping at two places, according to the division indicated by their respective attachment to the Buffalo and Missouri synod, the place of meeting was within the statute, being " the place where they statedly attend for divine worship." This was one of the places. The meeting thus held incorporated that church, society and congregation, and the corporation when created, became by force of the statute, vested with all the temporalities belonging to it. I infer, although the evidence has left it quite vague, that after the incorporation the trustees took possession of the church edifice, and while engaged in holding religious services therein were interfered with, and compelled to withdraw

therefrom by the defendants, and the defendants have held possession to the exclusion of the plaintiffs' rights ever since. If I have drawn the proper inferences from the facts the plaintiffs have the legal right to recover.

The subsequent attempt of the defendants to create a corporation was unauthorized, as the statute contemplates but one corporation for the same society or congregation, and at all events the first became vested with title to the property. It is true, as claimed by the appellants, that under our laws the temporalities of a church are controlled by a majority of the congregation, but this can only be done by the election of trustees favorable to their views. In this case the minority had the trustees, and the latter had the right of control. At future elections all the members may participate, and in a contest for trustees the majority will of course prevail, although the exercise of a moderate degree of that toleration and charity which the Christian religion teaches would enable all the members of this small church to dwell together in peace and unity, a consummation which would redound to the honor of all concerned, and to the interest of the religion which they all profess.

The judgment must be affirmed.

All concur, except RAPALLO and MILLER, JJ., absent; EARL, J., not voting.

Judgment affirmed.