## STOKER v. SCHWAB.

*(Superior Court of New York City, General Term. June 20, 1888.)*

CORPORATIONS—DE FACTO CORPORATION—POWER TO CONVEY LAND.

A church was organized, and the certificate duly recorded under 2 Rev. St. (6th Ed.) 413; 7th Ed, 1654, which provides that the two members of the church who preside at the first election of trustees shall, as returning officers, certify under their hands and seals certain matters, which certificate shall be recorded, and thereupon the trustees shall be a body corporate. The record did not show any seals affixed, and the original certificate was lost. The trustees purchased and paid for land which they afterwards sold under an order from the supreme court. *Held,* that they were a corporation *de facto,* and conveyed a good title. FREEDMAN, J., dissenting.

Submission on agreed statement of facts.

Action brought by Richard Stoker against Samuel Schwab, to enforce a contract for the sale of land. The parties agreed on a statement of facts, and submitted the controversy to the court.

Argued before SEDGWICK, C. J., and TRUAX and FREEDMAN, JJ.

*Ferdinand Kurzman,* for plaintiff. *Maurice Rapp,* for defendant.

SEDGWICK, C. J. The question is whether the plaintiff had a title which he could convey. The objection is that his right comes through a deed by a grantor called "St. Paul's African Methodist Episcopal Church," and that such grantor was not a corporation with legal capacity to take and convey real estate. There was a charter providing for the formation of such religious corporations. A certificate was filed in pursuance of statute, which would have legally created the corporation, if it had in all respects complied with the statute. The corporation acted as a corporation under the statute and the certificate. It was therefore a corporation *de facto* at the least capable of taking real estate and conveying with the permission of the supreme court. In this case, the permission was obtained. The only defect created is that the certificate was not sealed as it is said is required by the statute. This does not prevent action and continuance of a corporation *de facto.* No one has an interest in the title excepting, by supposition, the grantor of the corporation. Having received the consideration of the deed from the grantee as a corporation, he could be estopped from asserting that it was not a corporation. The plaintiff should have judgment, with costs.

TRUAX, J., concurred.

FREEDMAN, J., (*dissenting.*) This is a submission of a controversy upon an agreed state of facts, and the sole question is whether the St. Paul's Afri-

can Methodist Episcopal Church in Morrisania, as a corporation, can pass a good and sufficient title to real estate, in the absence of evidence that there were seals affixed to the original certificate; the original certificate having been lost, and the record failing to show that there was a seal or seals affixed, and there being no evidence whatever that a seal or seals had ever been affixed. The certificate in question appears to have been signed by two of the members of the church. It was also acknowledged by them before a notary public, and then recorded in the office of the clerk of the county of Westchester. The record contains no mark or marks indicating that there was a seal or seals affixed. The statute (2 Rev. St. 6th Ed. 413, § 4; 7th Ed. 1654) prescribed that the two members of the church who preside at the first election of trustees shall, as returning officers, certify under their hands and seals certain matters, which certificate shall be recorded, and thereupon such trustees and their successors shall be a body corporate. Until that is done there is no corporation. The fact that the certificate as recorded does not appear to have had seals, is not necessarily fatal. Parol evidence may be given that the certificate was in fact executed under seal, and in the case of *Trustees* v. *Bly*, 73 N. Y. 323, upon which the plaintiff here relies, such parol evidence was given. There being no such evidence in the case at bar, the defendant is entitled to judgment, with costs, as prayed for in the submission.