### BATES v. LIDGERWOOD MANUF'G CO.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

EXECUTION—PROPERTY SUBJECT TO LEVY—CONTRACT TO PURCHASE LAND.

A judgment debtor who assumes a purchase of land made by another, pays part of the price, and takes possession, but whose vendor retains the title to secure a prior mortgage, taxes, etc., has merely a contract for the purchase of land, and his interest is not subject to execution under Rev. St. N. Y. p. 744, § 4, so providing.

On reargument. 3 N. Y. Supp. 307. 1 Rev. St. N. Y. p. 744, § 4, (3 Rev. St. 7th Ed. p. 2201, § 4,) provides that "the interest of any person holding a contract for the purchase of lands shall not be bound by the docketing of any judgment or decree, nor be sold by execution upon any such judgment or decree."

Argued before BARNARD, P. J., and PRATT, J.

*A. P. Bates,* for appellant. *Harriman & Fessenden,* for respondent.

BARNARD, P. J. Assuming that the trial court should have admitted the decree in the New Jersey court of chancery, and the pleading upon which it was based, and assuming, further, that the deeds executed thereunder should also have been received, the evidence fails to show a title in the plaintiff. He derived his title from a purchaser at a sheriff's sale under a judgment against a domestic corporation of this state known as the "Fibre Disintegrating Company." The judgment was recovered on the 13th of March, 1867. The lands are situated in Kings county, where the judgment was filed, but that company is not shown to have had either a legal title or interest in the land which could be sold on execution against it. The pleadings and the decree of the court of chancery above referred to all agree that the title was purchased by one Robert W. Russell. It was subject to certain mortgages. On the 17th of March the Fibre Disintegrating Company resolved to assume the purchase. In May, 1864, the company advanced $14,000, which was paid to the grantor of Russell; and the company, after that date, and before the bill in chancery was filed, in 1867, paid the interest on the mortgages. The company was in possession under this arrangement, and when a bill was filed Russell held the title to secure the mortgage debt upon it, and some back interest. There were taxes unpaid, and Russell held the land for that, and there was an engine on premises, which Russell had the right to remove. In this state the chancery bill was filed, and a decree was made that a receiver be appointed, and that Russell convey when the mortgage was paid, with the back interest upon it, and other moneys expended "on account of his legal ownership, or expended in the care and preservation thereof," and after taxes should be paid. There was also a provision that the question of the removal of the engine was first to be settled. The deeds go no further than the decree in any admission of facts. Russell obeyed the court of chancery upon the receipt of what was due him, not as trustee, but as purchaser, who had offered the corporation the benefit of the purchase, and it had agreed to assume it. The Fibre Company was the purchaser from Russell, with the purchase money partly unpaid, and the interest thus acquired is by statute not the subject of a lien by judgment against the Fibre Company. 1 Rev. St. p. 744, § 4.

The principle is fully established in *Sage* v. *Cartwright,* 9 N. Y. 49, where a large number of authorities are cited and appear. The case of *Grosvenor* v. *Allen,* 9 Paige, 74, is very similar to the present case. A purchaser of real estate, whose right to a deed had not accrued by full payment, became indebted,

and a judgment was obtained on it.   Subsequently the debtor made a general assignment.   It was held that the judgment was not a lien.   The debtor was in possession, making improvements on the property in anticipation of the completion of his contract.   The case varies from those cited by the appellant, to the effect that a fraudulent transfer of a title by a debtor may be reached by a judgment and bill to set aside conveyance, or by ejectment and proof of fraud in that action.   The judgment should therefore be affirmed, with costs.

All concur.