Aaron T. Bates, Appellant, *v.* The Ledgerwood Manufacturing Company, Respondent.

An equitable title to real estate is not a subject of levy and sale on execution. (1 R. S. 744, § 4.)

To vest a title in a *cestui que trust*, under the provisions of the Revised Statutes (1 R. S. 728, § 49, and 729, § 58), declaring that a transfer of real estate to one or more persons, to the use of or in trust for another, shall vest no estate or interest in the trustee, it is essential that the trust be declared by a deed or conveyance in writing (2 R. S. 134, § 6), and the trust must have existed at the time of the grant to the trustee.

In an action of ejectment, plaintiff claimed title under a sheriff's deed upon sale on execution against the F. D. Co. Upon the trial, plaintiff offered in evidence a judgment record, which showed that one R. purchased the premises and took conveyances, paying a portion of the purchase-moneys and giving his bonds, secured by mortgage on the premises, for the balance; that thereafter an arrangement was made between him and said company by which it assumed the purchases and became entitled to the benefit thereof, and thereupon it paid to R. the amount paid by him, and thereafter used and enjoyed the premises, paying interest on the bonds. *Held*, that the record was properly excluded; that the legal title was in R.; that the judgment record simply disclosed that the F. D. Co. had an equitable title subject to the mortgages, which title was not saleable upon execution; and so, that the sheriff's deed conveyed no title to the purchaser.

(Argued October 23, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 25, 1889, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Circuit.

This was an action of ejectment brought to recover the possession of certain lands situate in the county of Kings. The plaintiff alleged that the Fibre Disintegrating Company, a New Jersey corporation, was seized in fee and in possession of the premises on March 13, 1867, when one John Anson recovered against the company a judgment upon which was issued execution, by virtue of which the premises were sold and a sheriff's deed afterwards made to the plaintiff pursuant to the sale; that he had since then been seized in fee of such lands, and that the defendant unlawfully entered into and withheld the possession of the premises.

The defendant, by its answer, put in issue the material allegations of the complaint.

The plaintiff proved judgment of Anson against the Fibre Disintegrating Company, recovered March 13, 1867, in Supreme Court for $484.22, and docketed same day in Kings county, executions issued March 16, 1867, and August 2, 1872, to the sheriff, who sold the premises on last execution and made certificate of sale to one Armstrong, who assigned it to the plaintiff, and in January, 1874, the sheriff made deed to him. Some further evidence was offered by the plaintiff and excluded. Thereupon the complaint was dismissed.

Further facts are stated in the opinion.

*A. P. Bates* for appellant. The fibre company was seized in fee. (*Wright* v. *Douglass*, 7 N. Y. 564; *Cook* v. *Barr*, 44 id. 156; 1 R. S. 736, § 4.) The purchase-money was fully paid in 1864, and the company was entitled to a deed. (*Cook* v. *Barr*, 44 N. Y. 168; 1 Greenl. on Ev. [5th ed.] § 211; *A. D. Co.* v. *Leavitt*, 54 N. Y. 35; *Libby* v. *Tuffts*, 121 id. 172; *Wright* v. *Douglass*, 2 id. 376; *Sage* v. *Cartwright*, 9 id. 49; *Kellogg* v. *Kellogg*, 6 Barb. 116.) The Statute of Uses and

Trusts has no application to a case where a trust is expressly reserved by the instrument creating the grant, or declared by another instrument, relieving it from the effect of a secret trust. (*Woerz* v. *Rademacher*, 120 N. Y. 67; *Cook* v. *Barr*, 44 id. 158; *Crouse* v. *Frothingham*, 97 id. 112; *A. H. G. M. & M. Co.* v. *Andrews*, 120 id. 58; *Bloomer* v. *Sturgis*, 58 id. 174; *C. C. Bank* v. *Risley*, 19 id. 377.)

*Harriman & Fessenden* for respondent. The judgment-roll of the New Jersey court was immaterial, because a creditor's action in the courts of another state does not create a lien upon the real estate of the judgment creditor situated in this state, and the appointment of a receiver does not operate upon real property until obedience to an order directing the owner to convey to the receiver. (*Mitchell* v. *Bunch*, 2 Paige, 606; *Smith* v. *Tozer*, 42 Hun, 25; *C. Bank* v. *Reilly*, 19 N. Y. 377.) The judgment was not rendered material by reason of any equitable title shown by it in the Fibre Disintegrating Company. (1 R. S. 746, § 4; *Sage* v. *Cartwright*, 1 N. Y. 49; *Anson* v. *Allen*, 9 Paige, 74; *Garfield* v. *Hatmaker*, 15 N. Y. 475; *Niver* v. *Crain*, 98 id. 47; *Bogart* v. *Peary*, 1 Johns. Ch. 52; *Ocean Bank* v. *Olcott*, 46 N. Y. 12; *Wright* v. *Douglass*, 2 id. 373; *McCartney* v. *Bostwick*, 32 id. 57; *Murray* v. *Walker*, 31 id. 399; *Calvin* v. *Barker*, 2 Barb. 206; Gerard on Titles, 278; *Donovan* v. *Sheridan*, 5 J. & S. 256; *Timm* v. *Marsh*, 54 N. Y. 612; *Edwards* v. *Farmers' Co.*, 21 Wend. 496; *Jackson* v. *Parker*, 9 Cow. 82; *Smith* v. *Gage*, 41 Barb. 87.) Plaintiff in ejectment, relying on a conveyance to him from a grantor other than the state, must show that his grantor had either title or possession claiming title. (*Corning* v. *Miller*, 33 Barb. 386; *Hardenburgh* v. *Lakin*, 47 N. Y. 109; *Stevens* v. *Hauser*, 39 id. 302; *Smith* v. *Lawrence*, 12 Mich. 431; Abbott's Tr. Ev. 705; Sedgwick on Titles, 671.)

Bradley, J. The evidence introduced by the plaintiff failed to establish any cause of action against the defendant. The main

questions arise upon the exceptions to exclusion of evidence, which, it is claimed on the part of the plaintiff, would have tended to prove that the Fibre Disintegrating Company had title to the premises in question at the time of the recovery by Anson against it in March, 1867, and upon which the judgment became a lien, and that by the sheriff's deed to the plaintiff the latter took such title. The question, therefore, arises whether the excluded evidence was sufficient to prove that the F. D. Co. had a title or interest in the premises salable by execution issued upon the judgment, through the sale on which plaintiff bases his claim to right of action. His offer was to introduce in evidence a record of the Court of Chancery of the state of New Jersey consisting of a bill, answer and decree, in which one Ogilby was complainant and the F. D. Co. and Robert W. Russell were defendants. By which decree one Morris was appointed receiver of the estate, right, title and interest of that company in the premises in question; also a conveyance in compliance with the decree by the company of all its title and interest in such lands to the receiver; and a conveyance by Morris, as such receiver, and Russell to the American Fibre Company, a corporation of the state of New York. This conveyance was made by the receiver pursuant to the power given him by the decree, and by Russell to comply in that manner with the direction in it for conveyance by him to the receiver.

The complainant was creditor of the F. D. Co., and the bill was filed in January, 1867, for the appropriation of the estate of that company in the lands to the payment of his claims, and amongst other matters, he alleged that on or about the 1st of February, 1864, Russell purchased the premises, took conveyance and after having paid a portion of it, gave his bonds secured by his mortgages upon the lands for the balance ($30,000) of the purchase-money; that Russell having offered to transfer the benefit of his purchases to the F. D. Co., made an arrangement with it by which the company assumed the purchases and became entitled to the benefit of them, as appeared by certain resolutions of the executive committee of

the board of directors of the company adopted in March and May, 1864; that thereupon the company advanced the amounts of the purchase-money paid at the time of the conveyances to Russell, and thereafter under such arrangement occupied, used and enjoyed the premises and had, up to 1866, paid interest on such bonds and mortgages and taxes. The allegations in the bill were admitted by the answers of the defendants, and decree was entered for the relief prayed for by the complainant. The deeds before mentioned referred to the bill and decree, and recited the adjudicating provisions of the latter. They were dated in March and April, 1867. The deed to the American Fibre Co. recited the adjudication that the F. D. Co. having become entitled to the benefit of the Russell purchases, owned the premises, having the equitable title thereto subject to such mortgages thereon.

It is urged that the bill answers decree and the deeds furnished evidence that the F. D. Co. was seized in fee and in possession of the premises subject to the lien of the judgment upon which the execution sale was founded and through which the plaintiff derived his alleged title. The legal title represented by the deeds was in Russell until the conveyance to the American Fibre Company; and the arrangement alleged in the complaint in the chancery suit between him and the F. D. Co., pursuant to which that company went into possession, gave to the latter the equitable title subject to the mortgages. The judgment was not a lien upon such equitable estate, nor was it salable upon execution issued upon such judgment. (1 R. S. 744, § 4; *Sage* v. *Cartwright*, 9 N. Y. 49; *Grosvenor* v. *Allen*, 9 Paige, 74.) So far as appears by the statement in the deed to the American Fibre Company executed by Russell, the F. D. Co. took its interest in the premises and possession by the arrangement between them made subsequent to the conveyance to Russell, and in assuming the purchases made by him it also assumed the payment of the purchase-money secured by his bonds and mortgages which he remained liable to pay to his obligees. And nothing appears to show that the company was entitled to take or perfect legal title to the premises

until he was relieved from such obligations. A different question would have been presented if it had appeared, in the manner required by statute, that Russell had taken the conveyances in trust for the company. In that case the legal title would have vested in the company. (1 R. S. 728, 729, §§ 49, 58.) But to accomplish this, it was essential that the trust be declared by deed or conveyance in writing, etc. (2 R. S. 134, § 6.) And the trust must have existed at the time of the grant to the trustee, although it may have been effectually declared afterwards. (*Wright* v. *Douglass*, 7 N. Y. 564.) This the deed executed by Russell to the American Fibre Co. failed to do. And although the F. D. Co. advanced the money for the payments that were made upon the purchases, it cannot, in view of the statute, be held that the company took the legal estate by virtue of any trust resulting to it. (1 R. S. 728, § 51; *Garfield* v. *Hatmaker*, 15 N. Y. 475.) The evidence offered would have tended to prove no legal title in the F. D. Co., but at most only an equitable interest or estate derived from arrangement made with Russell subsequent to his purchase, and not subject to lien of the judgment; and as it could not be assumed, if the evidence had been introduced, that its possession was other than under such arrangement, the plaintiff was not prejudiced by its exclusion. The execution sale, under which the plaintiff claimed, was ineffectual to vest any estate in the sheriff's grantee. No evidence that the premises were in the possession of the F. D. Co. prior to the sale on the execution was introduced; and in view of the issue made by the answer, it contained no admission to aid, without further evidence, the claim of the plaintiff.

It follows that the judgment should be affirmed.

All concur.

Judgment affirmed.