In the Matter of the Petition of the TRUSTEES OF THE CON-
GREGATIONAL CHURCH AND SOCIETY of Cutchogue to Compel
Payment of a Legacy.

Where the certificate required by the provision of the act of 1813, provid-
ing for the incorporation of religious societies (§ 3, chap. 60, Laws of
1813), to be made "immediately" after the meeting of members of a
congregation for the purpose of incorporation, was made a month after
such meeting, *held*, that the defect, if any, did not render the certificate
void.

A codicil to the will of L. provided that if there should be a new religious
society organized in a village named, "as the Independent Congrega-
tional Church," at the time of his death or within one year thereafter,
its trustees and their successors should, after the death of C., a legatee
under his will, receive certain real estate and certain shares of stock,
C. died in 1886. Upon petition presented to the surrogate by the
trustees of a church such as is specified in the codicil, to compel the
payment of the legacy so given, it appeared that the church was incor-
porated prior to the testator's death, which occurred in 1864; that public
religious services were maintained by the church society until 1877, since
then services had only been had occasionally, sometimes there being
no services for four or five years, and none having been had since
1887. It was claimed that the corporation had ceased to exist from non-
user and failure to keep up religious services or a church organization.
*Held*, untenable; and even if a cause of forfeiture existed, it could not
be taken advantage of or enforced in a proceeding like this.

*It seems*, the question as to forfeiture can only be raised by the state in
some proceeding instituted for that purpose by it or in its behalf.

(Submitted December 22, 1891; decided January 20, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which affirmed a judgment in favor of the petitioners entered upon a decree of the surrogate of Suffolk county.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Jesse L. Case* for appellant. The paper purporting to be a certificate of incorporation of said society was improperly admitted in evidence. (Laws of 1813, chap. 69, § 3.) The petitioner's exhibits were not properly executed and were improperly admitted in evidence. (Laws of 1813, chap. 60, § 6.) A religious corporation is a corporation aggregate consisting of the members of the society. The society itself is incorporated and not merely the trustees, and its members are the corporators. (*Robertson* v. *Bullions*, 11 N. Y. 249.) Laws of 1813, chapter 60, section 7, as amended by Laws of 1867, chapter 656, prescribe the qualifications of voters at parish meetings, which in effect fixes their standing as members of the congregation and corporation. (*People* v. *Tuthill*, 31 N. Y. 565.) By failing to maintain services for years at a time and to contribute to the support of the services, the individual members of the former congregation had lost their power to vote at parish meetings and ceased to be corporators, and so the corporation had lost the power to perpetuate itself. (*Slee* v. *Bloom*, 5 Johns. Ch. 379; *Phillips* v. *Wickham*, 1 Paige, 590.)

*Timothy M. Griffing* for respondents. There is nothing in the act of 1813 which tends to show that a brief delay in executing the certificate is either fatal or important. (*Trustees, etc.,* v. *Bly*, 73 N. Y. 323.) A forfeiture of the franchise of a corporation, unless there be a special provision by statute, can only be enforced by the sovereign power to which the corporation owes its life, in some proceeding instituted in behalf of the sovereignty. (*Denike* v. *N. Y. & R.*

*L. & C. Co.*, 80 N. Y. 599.) A cause of forfeiture cannot be taken advantage of or enforced against a corporation collaterally or incidentally, or in any other way than by a direct proceeding for that purpose against the corporation. (*In re N. Y. E. R. R. Co.*, 70 N. Y. 338; *R. Co.* v. *R. Co.*, 22 Alb. L. Jour. 134; *In re Arden*, 4 N. Y. Supp. 177.)

O'Brien, J. The Independent Congregational Church and Society of Cutchogue, by order of its trustees, petitioned the surrogate to compel the payment of a legacy to which it claimed to be entitled. One Henry Landon died in the year 1864, leaving a will dated in 1857, and a codicil thereto dated December 10, 1861. This codicil, after revoking a gift to another church, which was made by the original will, concludes with this provision: "In case there shall be a new religious society in Cutchogue, organized as an Independent Congregational Church or Society at the time of my decease, or within one year thereafter, I give, devise and bequeath to the trustees thereof and their successors, by whatever name they may be incorporated, the said tract of land at Wading river, and also the said shares of capital stock of the Tradesmen's and Manhattan Banks, standing in my name after the decease of said Deborah Corey. The income thereof to be applied to the support of the Gospel in the said last mentioned society." The petitioner produced a certificate in due form under the act of April 5, 1813, providing for the incorporation of religious societies, bearing date October 29, 1862, and recorded in the county clerk's office of Suffolk county, April 19, 1864. It was admitted that public religious services were maintained by the society thus incorporated down to the year 1877. Since that time services were held only occasionally, and sometimes no services at all were kept up for a period of four or five years, and it is claimed no services have been held since 1887. Mrs. Corey, upon whose life the legacy to the corporation depended, died in the year 1886. The surrogate made a decree directing that George W. Dayton, administrator, with the will annexed, transfer to the petitioner the

shares of the bank stock described in the codicil, with their accumulations. He made no finding of fact or law, and it does not appear from the record that he was asked to make any. There is no question made as to the validity of the will, the codicil, or the bequest. The only point made against the relief asked in the petition is that the petitioner has not proved its corporate existence in the proceedings before the surrogate. Our attention is called to what are claimed to be defects in the form of the certificate of incorporation. This criticism is to the effect that the statute requires the certificate to be made immediately after the meeting of the members of the congregation for the purpose of incorporating, whereas on its face it bears date a month later. It is also claimed that the corporation has ceased to exist by reason of non-user or failure to keep up religious services or a church organization.

We think that the alleged defect in the certificate, if it can be called a defect at all, did not render it void. Even if a cause of forfeiture appears that cannot be taken advantage of or enforced in a proceeding like this. That question can be raised only by the sovereign power to which the corporation owes its life, in some proceeding for that purpose, by or in behalf of the sovereignty itself.

The judgment should be affirmed, with costs.

Judgment affirmed.

All concur.