(144 App. Div. 207.)

LUDLOW v. RECTOR, ETC., OF SAINT JOHN'S CHURCH.

(Supreme Court, Appellate Division, Second Department.   April 7, 1911.)

1. RELIGIOUS   SOCIETIES   (§   35*)—DISSOLUTION—EFFECT   AS   TO   PROPERTY RIGHTS.

Though an Episcopal Church corporation may have ceased to exist as a recognized ecclesiastical body, and the Diocesan Convention may have authorized the Bishop to pronounce it extinct, this is not evidence of legal extinction, but such corporation still had legal existence, and while it so existed another corporation could not be formed with ownership of the temporalities of the original corporation.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 212–215;   Dec. Dig. § 35.*]

2. TRUSTS (§§ 9, 25*)—STATUTE OF USES—SUFFICIENCY OF DECLARATION.

A declaration of trust must be by a deed or conveyance in writing (2 Rev. St. [1st Ed.] pt. 2, c. 7, tit. 1, § 6), and the beneficiary must have existed at the time of the grant to the trustee, and a mere declaration that the declarant held "the property in trust," without words of grant or conveyance, is insufficient to vest title to the property in defendant religious society, then nonexistent and unformulated even in expectation.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. §§ 9, 25.*]

Hirschberg, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Suffolk County.

Action by Mary McLean Ludlow against the Rector, Church Wardens and Vestrymen of Saint John's Church, in the Town of Islip, Suffolk County, N. Y. From a judgment dismissing plaintiff's complaint on the merits, she appeals. Reversed, and new trial granted.

See, also, 68 Misc. Rep. 400, 124 N. Y. Supp. 75.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and RICH, JJ.

Joseph M. Belford, for appellant.

Joseph Wood (Timothy M. Griffing, on the brief), for respondent.

THOMAS, J. The main question is whether the defendant has any interest in a certain church lot. To the plaintiff was granted in 1897 a large tract of land by full covenant deed, executed by Nicoll Ludlow, her husband, and others, descendants from the patentee of the king, and which became the sole property of Nicoll Ludlow's mother, Frances Louisa Nicoll Ludlow, by virtue of a partition deed executed in 1846. During the last half of the eighteenth century the church lot was appropriated for the purposes of burial of persons related to the family of the owners, and others, and in 1765 one William Nicoll built a church thereon, which was enlarged in 1842. The burials continued at intervals, but not later than 1890, except one in 1909, and religious services were held in the church as late as 1875. The defendant has no interest in the church lot. In 1806 "St. John's Church, Islip," was organized, and had such relation to the church lot that, as I will assume, there was a dedication of the same to it for religious and kindred purposes. But there is no privity between it and the defendant. The latter was organized in 1871 by certain persons, among whom was Nicoll Ludlow's father, William, who was at the time made a warden, and Nicoll Ludlow in his absence was elected a vestryman. All but the latter are dead, and he in 1897 joined in a full covenant deed of the land to the plaintiff, although he, as he concludes after some doubts as to the capacity in which he acted, has as sole surviving vestryman looked after the lot and the repairs, and as such was served with the summons.

[1] The defendant's wardens and vestrymen never met, and, so far as discoverable, no service was ever held in the church under their auspices, and in 1899 its superior, the Diocesan Convention, authorized the Bishop to pronounce it extinct, which he did. This was not evidence of legal extinction, but it aids comprehension of the corporation that asserts a status as the successor to the earlier organization. The trial court has found that the first corporation was reincorporated under chapter 803, Laws of 1868, as the defendant. But I find no authority for such conclusion. The first corporation was moribund, perchance apparently dead; but it had legal existence, and for any offense meriting it the state alone could enforce ouster. The defendant had no power to assume or to pronounce it extinct and vest itself with its property rights. Matter of Trustees of Congregational Church, etc., 131 N. Y. 4, 30 N. E. 43. While the earlier corporation existed, another could not be formed with ownership of the temporalities.

Trustees v. Bly, 73 N. Y. 323, 327. I find no authority for such absorption of rights by one corporation self-seeking successorship to another. But the defendant claims title to fee in the lot by virtue of a declaration in trust executed by Frances, Nicoll Ludlow's mother, and her husband in 1872 to St. John's Church, Islip. As I understand the defendant's position, it is that this declaration of trust is evidence that in 1846, when the declarant Frances took title in severalty by partition between her brother and herself, she received this church lot in trust for the defendant organized in 1871, 25 years thereafter, and that as the trust was passive the lot at once vested in the defendant, then nonexistent and unformulated even in expectation.

[2] The trust must be declared by a deed or conveyance in writing (2 R. S. p. 134, § 6) and must have existed at the time of the grant to the trustee. Bates v. Ledgerwood Manufacturing Company, 130 N. Y. 200, 29 N. E. 102; Wright v. Douglass, 7 N. Y. 564. Mrs. Ludlow undoubtedly by will or descent took this property in common with her brother, and the partition deed followed. Did she in either instance receive it for the use of this defendant artificially brought into attempted life a quarter of a century later? The declaration of trust contemplates no such retroactive relation to the act that created the declarant's title. The contention is tantamount to this: That, if a person declares that she holds real estate in trust for another, the legal inference is that she received it originally for the use of the beneficiary and that the title vested at once. Such a contention has no foundation in logic or authority. The declarant wished to create a trust in behalf of the church, and was advised improvidently or through her own erring concluded that she could effect it by the instrument she executed. She did not declare that she took title for the use of the beneficiary. It may be that the respondent asserts that the declaration by its own vigor carries the title. But where are the words of grant or conveyance? She declares that she "holds," not that she disposes. The argument, if respondent asserts it, is this: That when a person attempts to create a trust in land by a declaration of trust, and the instrument fails to create a valid trust, it operates as a grant, although the grantor reserves the title and never intended to alienate it, and there are no words of grant or gift, and although it is impossible that she primarily received the title to the use of the beneficiary. The church lot is already in the safe hands of those most interested in its care.

The judgment should be reversed, and a new trial granted; costs to abide the final award of costs.

JENKS, P. J., and RICH, J., concur. BURR, J., concurs upon the first ground stated in the opinion. HIRSCHBERG, J., dissents, and votes to affirm on the opinion of Mr. Justice Crane at Special Term.