■ In the Matter of WESTCHESTER COUNTY S.P.C.C., Appellant, v JOSEPH PISANI et al., Respondents. — In a proceeding to vacate the judicial approval, dated June 3, 1983, of a certificate of incorporation for the Yonkers Society for Prevention of Cruelty to Children (hereinafter the Yonkers S.P.C.C.) the petitioner, the Westchester Society for the Prevention of Cruelty to Children (hereinafter the Westchester S.P.C.C.), appeals from a judgment of the Supreme Court, Westchester County (Gagliardi, J.), dated September 14, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The named respondents herein joined together to organize and incorporate the Yonkers S.P.C.C. By notice of motion, dated May 2, 1983, respondent Pisani moved, pursuant to subdivision (g) of section 404 of the Not-For-Profit Corporation Law, for an order dispensing with the required approval of the Yonkers S.P.C.C.'s certificate of incorporation by the New York Society for the Prevention of Cruelty to Children. On May 17, 1983, Special Term granted said motion.

Thereafter, by notice dated May 18, 1983 and returnable June 3, 1983, respondent Pisani moved pursuant to subdivision (a) of section 404 of the Not-For-Profit Corporation Law, upon proper notice to the New York State Attorney-General, for judicial approval of the proposed certificate of incorporation of the Yonkers S.P.C.C. In response to directives from the Attorney-General's office made between May 18, 1983 and June 1, 1983, certain corrections were made in the proposed certificate of incorporation of the Yonkers S.P.C.C. By letter dated June 1, 1983, the Attorney-General noted that he was filing a notice of appearance and indicated he had no legal objection to the proposed certificate of incorporation as corrected.

On June 3, 1983, an order was entered wherein Special Term (1) approved the proposed certificate of incorporation of the Yonkers S.P.C.C. and (2) consented that the proposed certificate of incorporation of the Yonkers S.P.C.C. be filed and recorded "with and by the Secretary of State of the State of New York".

On June 6, 1983, the Yonkers S.P.C.C. delivered its proposed certificate to the Department of State for filing and paid the required fees. The certificate of incorporation was filed by the Department of State at 10:48 A.M. on June 7, 1983.

The instant proceeding was commenced by the Westchester S.P.C.C. later that same day, alleging, *inter alia,* that the "creation of the proposed Yonkers S.P.C.C. would cause immediate and irreparable injury to the community as well as to Petitioner". In a memorandum of law in support of the petition,

petitioner specifically argued that section 1403 of the Not-For-Profit Corporation Law prohibited more than one society for the prevention of cruelty to children in a single county and, therefore, the judicial approval of the Yonkers society's certificate of incorporation had to be vacated.

In its answer to the petition, the respondent Yonkers S.P.C.C. alleged, *inter alia,* that the Westchester S.P.C.C. had no standing to commence a proceeding to "nullify the Certificate of Incorporation".

In dismissing the proceeding, Special Term held that petitioner had no "standing to maintain a proceeding to annul and vacate the certificate of incorporation".

We agree with the holding of Special Term.

Section 403 of the Not-For-Profit Corporation Law provides in pertinent part as follows: "Upon the filing of the certificate of incorporation by the department of state, the corporate existence shall begin, and such certificate shall be conclusive evidence that all conditions precedent have been fulfilled and that the corporation has been formed under this chapter, except in an action or special proceeding brought by the attorney-general."

Since the instant proceeding was commenced after the formation of the corporate entity known as the Yonkers S.P.C.C., the relief requested was, in effect, for its involuntary judicial dissolution. However, it is well settled that an action for the involuntary judicial dissolution of a corporation formed pursuant to the Not-For-Profit Corporation Law can be maintained only by the Attorney-General (Not-For-Profit Corporation Law, § 1101), or, upon specified conditions, by a certain number of members or directors of the corporation (Not-For-Profit Corporation Law, § 1102).

Section 1101 (subd [a], pars [1], [2]) of the Not-For-Profit Corporation Law provides as follows:

"1101. Attorney-general's action for judicial dissolution

"(a) The attorney-general may bring an action for the dissolution of a corporation upon one or more of the following grounds:

"(1) That the corporation procured its formation through fraudulent misrepresentation or concealment of a material fact.

"(2) That the corporation has exceeded the authority conferred upon it by law, or has violated any provision of law whereby it has forfeited its charter, or carried on, conducted or transacted its business in a persistently fraudulent or illegal manner, or by the abuse of its powers contrary to public policy of the state has become liable to be dissolved".

Moreover, the use of the permissive word "may" in this statute does not support the argument that a dissolution action can be maintained by private individuals. Forfeiture of a corporate certificate "can be raised only by·the sovereign power to which the corporation owes its life, in some proceeding for that purpose, by or in behalf of the sovereignty itself" (*Matter of Trustees of Cong. Church & Soc.,* 131 NY 1, 4; *Matter of Brooklyn El. R.R. Co.,* 125 NY 434).

Since the New York State Attorney-General is the proper party to raise the allegations contained both in the instant petition and in a motion presently before this court for injunctive relief against the Yonkers S.P.C.C., pending the determination of the instant appeal, and he has not, to date, chosen to institute an action for a dissolution of the Yonkers S.P.C.C., the instant proceeding commenced by the Westchester S.P.C.C. was properly dismissed by Special Term. In so holding, we express no views on the merits of petitioner's various allegations concerning the formation and operation of the Yonkers S.P.C.C. Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.