■ AQUARIAN CENTER FOR INITIATION CORP., Respondent, v CHURCH OF GOD OF SMITHTOWN, Appellant, et al., Defendants. [598 NYS2d 69] —In an action to foreclose a mortgage, the defendant Church of God of Smithtown appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered September 24, 1990, which, *inter alia,* granted the plaintiff's

motion for summary judgment dismissing its affirmative defenses.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises out of a mortgage foreclosure action brought by the plaintiff, a not-for-profit corporation, against Church of God of Smithtown (hereinafter the Church), in connection with a sale of property from the plaintiff to the Church, a religious corporation. In 1982 the plaintiff sold property to the Church and took back a purchase money mortgage in payment. In October 1986 the Church tendered to the plaintiff full payment of what the Church considered to be the remaining balance due under the mortgage. The plaintiff rejected this tender and the Church made no further payments on the mortgage.

In 1989 the plaintiff commenced the instant action to foreclose its mortgage on the grounds, *inter alia,* that the Church had failed to pay installments of principal and interest due. The Church denied the allegations of the plaintiff's complaint and interposed various affirmative defenses.

Thereafter, the plaintiff moved for summary judgment to dismiss these defenses, and for an order of reference in the foreclosure action. The Church opposed the motion, arguing that "[f]or all intents and purposes, the plaintiff has been dissolved" and that application of the *cy pres* doctrine requires that the mortgage be canceled and its proceeds directed to another not-for-profit corporation. In a well-reasoned decision, the Supreme Court granted the plaintiff's motion, and dismissed all affirmative defenses. We now affirm.

Contrary to the Church's contentions on appeal, the Supreme Court properly determined that application of the *cy pres* doctrine is neither relevant nor material to the issues involved herein. The *cy pres* doctrine, now codified in Not-For-Profit Corporation Law § 1005, requires that the assets of a dissolved corporation "shall be distributed to [another] * * * organization * * * engaged in activities substantially similar to those of the dissolved corporation" (Not-For-Profit Corporation Law § 1005 [a] [3] [A]). However, such a distribution can only take place after the corporation has been dissolved either voluntarily or through a proceeding brought by the Attorney-General *(see,* Not-For-Profit Corporation Law § 1101). In the case at bar, the plaintiff corporation was never dissolved, either voluntarily or through a judicial proceeding. Under these circumstances, Not-For-Profit Corporation Law § 1005

has no relevance herein and cannot serve as a basis to defeat the plaintiff's motion for summary judgment in the foreclosure action.

Nor is there any merit to the Church's argument that the plaintiff's invalid assignment of the mortgage operated to automatically dissolve the corporation. "Forfeiture of a corporate certificate 'can be raised only by the sovereign power to which the corporation owes its life, *in some proceeding for that purpose,* by or in behalf of the sovereignty itself' " *(Matter of Westchester County S.P.C.C. v Pisani,* 105 AD2d 793, quoting *Matter of Trustees of Cong. Church & Socy.,* 131 NY 1, 4; *see also, Matter of Brooklyn El. R. R. Co.,* 125 NY 434 [emphasis added]).

We also find that the Supreme Court properly concluded that the Church failed to produce any evidence which demonstrated a bona fide defense to the foreclosure action or any triable issue of fact remaining for trial. Accordingly, summary judgment was properly granted to the plaintiff *(see, Zuckerman v City of New York,* 49 NY2d 557).

We have considered the Church's remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.